## THE PEOPLE *v.* B. F. HASTINGS.

AN ASSESSMENT NECESSARY TO THE VALIDITY OF A TAX.—A tax, in order to be
valid, must rest upon an assessment made in the mode prescribed by law, by an
Assessor elected by the qualified electors of the district, county, or town in which
the property is taxed for State, county, or town purposes.

WITHOUT AN ASSESSMENT A TAX DEED VOID.—If the property is not listed and
assessed for the purpose of taxation, the tax deed conveys no title.

ASSESSOR TO BE ELECTED BY THE DISTRICT WHERE THE TAX IS LEVIED.—An
assessment made by an Assessor elected by the qualified electors of the City and
County of Sacramento, is not a sufficient basis for the levy of a tax in the City of
Sacramento for city purposes.

COPYING A FORMER ASSESSMENT ROLL NOT AN ASSESSMENT.— The making of a
certified copy by an Assessor of an assessment roll made by another Assessor a
previous year, is not an assessment of property.

LAW FIXING THE ASSESSED VALUE OF PROPERTY.—The Legislature cannot, by law,
fix the assessed value of property.

AN ANSWER NEED NOT DENY AN AVERMENT OF LAW.—Proceedings which are void
by reason of the infirmity of the statute under which they are had, are not cured
by an averment in a complaint that they were duly and legally had, and a fail-
ure to deny the averment in the answer is not an admission that the proceedings
were valid or legal.

APPEAL from the District Court, Sixth Judicial District,
Sacramento County.

The defendant recovered judgment and the plaintiff appealed. The other facts are stated in the opinion of the Court.

*M. M. Estee*, for Appellant.

*Moore & Alexander*, and *R. Robinson*, for Respondent.

By the Court, Rhodes, J.

Suit was brought for the recovery of delinquent taxes levied for the year 1863. The defendant had judgment and the plaintiffs appeal from the judgment and the order refusing a new trial. It appears from the pleadings that the taxes sued for were levied under the Act to incorporate the City of Sacramento, approved April 25th, 1863. (Stats. 1863, p. 415.) The assessment was made under the provisions of the following sections of that Act:

" Section 63. For the purpose of enabling the city authorities to levy and collect the annual and special taxes for the fiscal year commencing on the first Monday in April, A. D. 1863, in the months of April and May of said year, the Board of Trustees are hereby authorized and empowered to levy the annual and special taxes provided in this Act within three days after the first meeting in 1863, upon all the taxable property within the limits of the City of Sacramento as assessed in the equalized assessment roll of the City and County of Sacramento for the year 1862. And said taxes when so levied shall be a lien upon all property in said assessment roll for said fiscal year.

" Sec. 64. It is hereby made the duty of the Assessor to make a certified copy of the assessment roll for said year 1862, so far as to include the property of the city, which assessment is hereby adopted, and the value of the property in the same is made the basis for said taxes, and deliver the same to the Auditor."

The property assessed was personal property, and its value stated at forty-five thousand dollars.

It will be unnecessary to examine the errors assigned by the appellant, for one ground of objection taken by the respondent is fatal to the action, and that is, that there was no assessment of property in the City of Sacramento for the purposes of taxation for the year 1863. It is alleged in the complaint that the Board of Trustees did levy the taxes in 1863 upon "all the taxable property within the limits of said city, as assessed in the equalized assessment roll of the City and County of Sacramento for the year 1862;" and section sixty-three, already cited, was the only provision of the Act authorizing the levy to be made for the year 1863. It is further alleged in the complaint that the City Assessor made a certified copy of the assessment roll for the year 1862, which served as the assessment list for 1863. It thus appears that no assessment was made for the year 1863, unless the copy just mentioned constituted an assessment.

### *Property must be assessed or tax is not valid.*

Section thirteen of Article XI of the Constitution of the State is as follows: "Taxation shall be equal and uniform throughout the State. All property in this State shall be taxed in proportion to its value, to be ascertained as directed by law; but Assessors and Collectors of town, county and State taxes shall be elected by the qualified electors of the district, county or town in which the property taxed for State, county or town purposes is situated."

The requirement that the value of the property to be taxed shall be ascertained as directed by law, means that the property shall be assessed for the purpose of taxation, and that the taxes may be levied only after the property has been so assessed. An assessment, made as directed by law, is an indispensable basis for the support of the tax that may be levied upon it. The constitutional requirements are not satisfied merely by an assessment made in the manner directed by law, but it is also provided that the Assessors of town, county or State taxes shall be elected by the qualified electors of the district, county or town in which the property to be taxed is

situated—that is to say, that the assessment must be made by a person elected as an Assessor by the qualified electors of such district, county or town.   A tax, in order to be valid, must rest upon an assessment made in the mode prescribed by law and by an Assessor elected as provided for by the Constitution.   This proposition requires no argument for its support, for it arises from the plain and unmistakable import of the terms employed in the section cited.   In *Ferris* v. *Coover*, 10 Cal. 632, Mr. Justice Field says: " In the present case the recitals show that the property was not listed and valued by the Assessor.   This is fatal to the deed.   The listing and valuation of real estate for the purpose of taxation is an essential prerequisite to the validity of all subsequent proceedings."

By recurring to the Act of 1858 to incorporate the City and County of Sacramento, it will be seen that the Assessor who made the assessment for the year 1862 was elected by the qualified electors of the City and County of Sacramento, which is a different district from that of the City of Sacramento. The insufficiency of that assessment as the basis of taxation for the year 1863 is apparent on several grounds.   It was not made by an Assessor elected by the qualified electors of the district in which the property to be taxed was situated—the City and County of Sacramento not being the same district as that of the City of Sacramento.   The making of the certified copy of the assessment roll for the year 1862 so as to include property within the City of Sacramento, cannot be regarded, in any sense, as the making of an assessment of such property by the Assessor.   The copying by one officer of the valuation made by another officer is not a valuation made by the first officer.   If it is a valuation in any sense for the year 1863, it is a valuation made by the Legislature; and in view of the division of the powers of the Government into three departments—the legislative, executive and judicial—according to Article III, it will not be claimed that the legislative department was competent to perform the purely executive functions of an Assessor.

The objection is not obviated by the finding that the assess-

ment was " duly and regularly made " in accordance with the statutes, for the only assessment that was provided for by the statutes, was the attempted adoption of a previous assessment, and if any other than such an assessment had been made, the valuation would not have been " ascertained as directed by law." Nor is the objection met by the fact that the defendant failed to deny that the assessment of the property was duly and legally made—that is to say, that it was made in accordance with the statute—for the objection which goes to the statute itself, the invalidity of which the defendant was not required to present in his answer, still subsists. Proceedings which have no validity, in consequence of an inherent infirmity in the statute under which they were had, are not cured by the allegation that they were duly and legally had. They cannot be forced by averment higher than the source from which they spring. The objection still remains, notwithstanding the finding of the Court, and the alleged admission of the defendant, that he was in 1863 the owner of the property, and that it was then of the value specified in the Assessor's copy from the assessment roll of the previous year; for it is not enough that the defendant was the owner of the property attempted to be charged with a tax, and that it was of the value alleged; but a valuation of the property, by an Assessor of the proper district, town or county, is an indispensable prerequisite to the validity of the tax, with which the property is attempted to be charged.

Judgment affirmed.