No. 2,015.

JOHN C. REILY, APPELLANT, v. HENRY LANCASTER AND JOHN RIPPORD, RESPONDENTS.

JUDGMENT. — RECITAL IN — EFFECT OF. — When the judgment recites that all owners and claimants of property have been duly summoned to answer the complaint and have made default, the judgment in this respect cannot be impeached in a collateral action, although it appear that the name of one of the owners was omitted in the published summons.

PRACTICE. — TITLE ACQUIRED PENDENTE LITE. — A defendant in ejectment can only set up a title acquired pending the action by amending his answer and averring the fact that the title was acquired since the commencement of the action.

TAX SALE. — A party in possession, whose duty it is to pay the tax, can derive no advantage from a sale for the tax which he ought to have paid without a sale.

TAX. — Possession, with a claim of ownership, is a subject of taxation, and imposes on the occupant the duty of paying the tax levied on the property.

IDEM. — ASSESSMENT. — A tax, to be valid, must rest upon an assessment made by an Assessor elected by the qualified voters of the district, county or town in which the property is taxed for State, county or town purposes.

IDEM. — An assessment made by an Assessor elected by the qualified electors of the City and County of Sacramento is not a sufficient basis for the levy of a tax in the City of Sacramento for city purposes.

(T.)

APPEAL from the District Court of the Sixth District, Sacramento County.

The case is stated in the opinion.

*P. Dunlap* and *Beatty & Denson,* for Appellant.

*H. Starr,* for Respondent.

CROCKETT, J., delivered the opinion of the Court:

This action is to recover a lot in the City of Sacramento, and the plaintiff deraigns title by regular mesne conveyances from John A. Sutter, to whom the land was granted by the Mexican Government, and to whom it has been finally confirmed and patented. The defendants are the tenants of one Elliott, who was permitted to defend for them, and who sets up title in himself under certain sales for taxes and Sheriff's deeds in pursuance thereof. The validity of the titles thus acquired is the principal question arising on this appeal. In support of the defense there is offered in evidence the complaint, summons, affidavit constituting proof of service, and Commissioners' report in the case of *The People* v. *Wm. Firderer* and the west half of the lot in contest in this case, and also the decree and order of sale issued thereon, together with the Sheriff's return, all which were objected to by the plaintiff as incompetent evidence; but they were admitted by the Court; and thereupon the Court also admitted in evidence, against the objection of the plaintiff, a Sheriff's deed to Elliott for the west half of said lot, founded on said proceedings, which deed was made pending the action after the answer was filed, and but one day before the trial. It appears, from these proceedings, that the action was commenced against William Firderer, as the owner of the west half of the lot, to whom it was assessed, and also against the west half *in rem.* But in the summons which was published the name of Firderer is omitted, and the plaintiff claims that the omission is fatal to the judgment, the Court having acquired no jurisdiction of the proceeding, because of the failure to serve the owner to whom the

property was assessed.    The judgment, however, recites
that it appeared to the satisfaction of the Court "that all
owners and claimants of the property above described have
been duly summoned to answer the complaint herein, and
have made default in that behalf," and this recital brings
the case fully within the case of *Hahn* v *Kelly* (34 Cal. 391.)
The judgment, in this respect, cannot be impeached in a
collateral action.   We must presume the Court had suffi-
cient proof of the service on Firderer, though it does not
appear in the judgment roll.    But the Court erred in admit-
ting in evidence the Sheriff's deed to Elliott, made *pendente
lite*.   If a defendant in ejectment desires to set up a title
acquired pending the action, he can only do so by amending
his answer and averring the fact that the title was acquired
since the commencement of the action.    (*McMinn* v. *O'Con-
nor*, 27 Cal. 238; *Moss* v. *Shear*, 30 Cal. 472.)    The plaintiff,
however, insists that the deed, if properly admitted, would
be inoperative to vest title in Elliott, because it is alleged
he was in the actual possession, claiming title to the lot at
the time of the Sheriff's sale; and that, inasmuch as it was
his duty to pay the tax, he cannot strengthen his title by a
Sheriff's deed made to enforce the payment of the delin-
quent tax.    The tax sale was made in November, 1865, for
the taxes assessed in 1863, and the proof shows that in
March, 1865, Elliott obtained a conveyance of the lot from
one Butterfield, and thereupon inclosed it, and was in the
actual possession at the time of the sale by the Sheriff.
The lot was assessed to Firderer, and not to Butterfield or
Elliott, nor to unknown owners; and the defendant insists
that neither Butterfield or Elliott, even though they had
been in possession at the time of the assessment and after-
wards, were under any obligation to pay the tax assessed to
Firderer, and were, therefore, at liberty to acquire the title
at the tax sale with the like effect that a stranger might have
done.   It is well settled in this Court that a party in posses-
sion, whose *duty* it is to pay the tax, shall derive no advan-
tage from a sale for the tax, which he ought to have paid
without a sale.   (*Kelsey* v. *Abbott*, 13 Cal. 609; *Moss* v. *Shear*,
25 Cal. 38; *McMinn* v. *Whelan*, 27 Cal. 318; *Coppinger* v.

*Rice*, 33 Cal. 425; *Bernal* v. *Lynch*, 36 Cal. 135; *Barrett* v. *Amerein*, 36 Cal. 322.) Was it the duty of Butterfield or his grantee, Elliott, to pay this tax, notwithstanding it was in terms assessed to Firderer? Unless Butterfield or Elliott was in possession when the tax was levied or assessed, we apprehend they were under no obligation, either legal or moral, to pay it. It is evident they had no *title* which rendered either of them amenable to taxation as the *owner* of the property. But we have repeatedly held that possession, with a claim of ownership, is a subject of taxation, and imposes on the occupant the duty of paying the tax levied on the property. In this case there were no findings of fact; and we must infer that the implied findings were in support of the judgment, which was for the defendants. We must therefore presume that the Court found it as a fact, that neither Butterfield or Elliott was in possession when the tax was levied or assessed, and were consequently under no obligation to pay it. Is this finding supported by the evidence? We deem it unnecessary to go into this inquiry, inasmuch as the judgment must be reversed for the error of the Court, in admitting the Sheriff's deed; and we have discussed the effect of the deed only for the guidance of the District Court on another trial.

The defendants next put in evidence the record of the proceedings in the case of *The People* v. 7,961 *Doe et al.*, under which it is claimed Elliott acquired the title to the east quarter of the lot. The Sheriff's deed under this sale was also made *pendente lite*, and was improperly admitted in evidence, for the same reasons which were applicable to the other deed. The same questions also arise in respect to the effect of this deed; and on another trial it will be material to ascertain whether or not Elliott or his grantor, Butterfield, was in possession when this tax was levied or assessed.

The defendants then put in evidence the record of the proceedings in the case of *The People* v. *Roe* 5,221, under which Elliott claims to have acquired the title to the whole lot, by means of a Sheriff's deed to Mayo, and a deed from Mayo to Elliott, made in 1865. The judgment in this case also recites a due service of process on all the owners and

claimants of the property, and, in that respect, is conclusive of the fact, for the reasons already stated.

The tax for which this judgment was rendered was assessed under the Act of April 9, 1862, concerning the construction and repair of levees in the County of Sacramento (Statutes of 1862, p. 151), by the first section of which a Board of City Levee Commissioners is created, whose duty it is made to construct and repair the levees outside of the city limits and within Swamp Land District No. 2. The necessary fund for performing the work within the city was to be raised by a tax levied on the property within the city limits, and, in like manner, the funds required for the work in Swamp Land District No. 2 were to be raised by a tax on the property within that district. For the purpose of raising the money to be expended within the city, Section 11 of the Act requires the Assessor to "make a copy of the names of persons and description of real estate and improvements assessed in the city within the lines of levee, as aforesaid, in the year 1861; and then, using the equalized assessment roll of 1861 as a basis for making his estimates, he shall proceed and make an assessment of all taxable property within the city and within the levee lines as aforesaid," etc. The term "within the city and within the levee lines" was manifestly inserted for the purpose of excluding from the burden of the tax that portion of the city not included by the levee, and which, therefore, would derive no benefit from the work; and not for the purpose of subjecting to the *city* tax lands lying outside the city, but within the lines of the levee. The complaint in the action we are considering (*People* v. *Roe* 5,221) alleges that the assessment, on which the tax sued for was founded, was made by "the Assessor of the City and County of Sacramento," and the plaintiff's counsel insist that, under the Constitution and former decisions of this Court, the assessment was void, because not made by an Assessor elected by the electors of the "district" within which the assessment was to be made. In support of this view, the case of *People* v. *Hastings* (29 Cal. 449) is relied upon, in which we held: First—That a tax, to be valid, must rest upon an assessment made by an Assessor

elected by the qualified electors of the district, county or town in which the property is taxed for State, county or town purposes.    Second—That an assessment made by an Assessor elected by the qualified electors of the City and County of Sacramento is not a sufficient basis for the levy of a tax in the City of Sacramento for city purposes.

That the levee tax authorized by the Act of April 9, 1862, to be raised from property within the city is a tax for city purposes, admits of no debate.    The special purpose of the tax was to raise a fund for the construction of a levee to protect the city from inundation; and we can conceive of none which could more properly be designated a tax "for city purposes" than one intended to protect the city from destructive inundations which threaten with serious disaster the lives and property of its inhabitants.    It is equally plain that by the very terms of the Act the city, for all the purposes of the tax, was a separate district.    The tax was to be raised from property within the city, and was to be expended for its protection by a Board of Commissioners appointed for that special purpose, and styled in the Act "a Board of *City* Levee Commissioners," as contradistinguished from the "Board of *County* Levee Commissioners," who were appointed by the same Act.

The former Board was to take charge of the work inside the city, and the other Board outside of it.    Inasmuch, therefore, as the tax was for city purposes, and was to be raised within the city, as a separate district, the case comes fully within the principles announced in *People* v. *Hastings* ; on authority of which case the assessment in question was void, and the tax invalid.    On the same point see, also, *People* v. *Placerville and Sacramento Valley Railroad Company* (34 Cal. 656) ; *Rynerson* v. *Kelly* (January Term, 1868.)

For these reasons the tax deed to Mayo was void, and Elliott acquired no title under it.

Judgment reversed and cause remanded for a new trial.