[No. 2,310.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* EDWARD WHYLER AND CERTAIN REAL ESTATE.

TAX AND ASSESSMENT.—A charge imposed on all the property of a district, to be used in constructing levees to protect the district from overflow, is a tax, and not an assessment.

INEQUALITY OF TAXATION.—The fact that levees built to protect the land of a district from overflow, injure some of the land instead of benefiting it, does not render the tax unequal or void for want of uniformity.

UNIFORMITY OF TAXATION.—If the property of a district is taxed to build levees to protect it from overflow, the facts that land which is injured by the levee is assessed at its former value, and land benefited by the levee is also assessed at its former value, do not render the tax liable to the objection of want of equality and uniformity.

RESISTING PAYMENT OF TAX.—The payment of a tax cannot be resisted on the ground that the property on which it was levied was not assessed at its true value.   One whose property is not assessed according to its true value, must apply to the Board of Equalization.

TAX MUST BE LEVIED ON ALL PRIVATE PROPERTY.—An Act taxing the property of a district for a local improvement, which exempts personal property from its operation, is unconstitutional, because not levied on all the property in the district.

TAXATION FOR LOCAL IMPROVEMENT.—A tax levied on the property of a given district, to pay for a local improvement, which is assessed upon the parcels of property in the district, in proportion to the benefits each parcel derives from the work, is unconstitutional.   Such tax must be levied on all property according to its value.

Remission of Tax.—A clause, in an Act imposing a tax, which allows the Board of Supervisors to remit the tax upon such property as they may deem just, does not render the whole Act unconstitutional.

Appeal from the District Court of the Tenth Judicial District, County of Sutter.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*J. O. Goodwin,* for Appellant.

First—The Act under which this suit is brought is unconstitutional.

1. It provides for a local improvement and prescribes the mode in which moneys shall be raised to make such improvement. Now, if the mode prescribed is a tax, then the law is obnoxious to the tenth section of the first Article of the Constitution, which provides that "all laws of a general nature shall have a uniform operation;" and, also, to the thirteenth section of Article XI, which provides that "taxation shall be equal and uniform." If the Act is to be construed as similar in principle to that authorizing the widening of Kearny street, in San Francisco (Stats. 1863–4, p. 347), then, under the decision of this Court construing the latter, the former cannot stand. (Appeal of N. B. & M. R. R. Co., 32 Cal. 504.)

2. On the other hand, if it is not a tax, but an assessment, as the latter has been defined, and contradistinguished from the former by this Court, then the only basis on which an assessment for the purpose this one was authorized to be levied for can constitutionally rest and be apportioned, is one of benefits received. (*Taylor* v. *Palmer,* 31 Cal. 254.)

*S. J. Stabler,* and *Beatty & Denson,* for Respondent.

The demand is a special tax, and not an assessment. The Act provides for the taxation of all the property in the dis-

trict to be benefited at a rate the limit of which is fixed by the Act, and not according to the benefits to be derived to each piece of property to be taxed. The chief distinction between a tax and an assessment is in this, that an "assessment" is a duty or fine laid upon particular property to raise money with which to accomplish some work that will add to the value of the property itself, while a "tax" is levied upon the citizen according to the value of his property—or what is the same thing, his ability to pay—without reference to any increase of value upon the particular property taxed. (*People* v. *Coleman*, 4 Cal. 46; *Smith* v. *Judge of Twelfth District Court*, 17 Cal. 547.)

If an unconstitutional provision is contained in section twenty, it is not so interwoven with the balance of the Act as to mar the meaning, defeat the objects, or in any way impair the Act by striking it out. The Court will not in such case declare the whole Act unconstitutional, but will strike out the obnoxious provisions and sustain the balance. (See *People* v. *Hill*, 7 Cal. 103; *Reed* v. *Omnibus R. R. Co.*, 33 Cal. 219; *State of Nevada* v. *Easterbrook*, 3 Nev. 180.)

By the Court, RHODES, C. J.:

The Act of March 25th, 1868 (Stats. 1867–8, p. 316), set off a certain portion of Sutter County, as Levee District No. 1, and provided for the levying of a tax on all the property within the district, to provide the means for the construction of levees, etc., to protect the district from overflow. This action was brought for the collection of the tax assessed for that purpose, on the property of the defendant. The action is defended on two grounds. It is insisted that the charge is not a tax, but an assessment; and, also, that if it is a tax, the Act is unconstitutional, because it is not equal and

uniform, within the meaning of section thirteen, of Article XI, of the Constitution.

The principal reason urged in support of the position that the charge is an assessment, is that it is levied for the purpose of making a local improvement. Acts almost innumerable have been passed, levying taxes for such purposes, and no cases are called to our attention which hold, that by reason of the purpose for which they were levied, they became assessments. Taxes for the construction of roads, bridges, and school houses are familiar instances. The funds to pay for the grading of a street, may be raised by taxes levied upon all the property of a town, should the law so direct; but the tax does not become an assessment, because the latter is the mode usually adopted to raise the funds for that purpose. There is no sufficient reason for holding that the charge is not, what the Legislature declared it to be—a tax.

I see no valid objection to the tax, on the alleged ground of a want of equality and uniformity. In this connection the answer may be noticed, as the alleged inequality of the tax is there relied on, as a defense to the action. It is alleged that by the construction of the levee, the defendant's property, instead of being benefited, is greatly damaged. It is scarcely possible that any work of public improvement of considerable magnitude can be constructed, that will not affect injuriously the property of some one; and the fact that such a result has accrued, is not a valid objection to the tax.

It is also alleged, that while the property of other persons, which was greatly benefited by the construction of the levee, was assessed at its former value, that of the defendant was assessed at its former value, without regard to the injury occasioned by the construction of the levee. Those were matters to be regulated by the Board of Equalization; but if, on application to the Board of Equalization, the defendant

failed to obtain the proper relief, he is not, on that ground, enabled to resist the payment of the tax, nor for that reason can he allege that the tax is not equal and uniform.

It is also alleged, that this tax was also levied on his personal property. Had personal property been exempted by the Act from taxation, that provision (if valid), would have furnished an unanswerable objection to the Act—that it did not impose the tax on *all* the property within the district.

It is further alleged, that the tax was levied to pay for a local improvement, and was not assessed upon property in proportion to the benefits derived from the work. If the Legislature intended that a tax should be levied, and if it may be levied, to pay for a local improvement, it is not only no objection to the Act, or the proceedings that were had under it, that it is not levied upon property in proportion to the benefits received by means of the improvements; but if a tax should be levied on that principle, it would be fatally defective, because lacking the constitutional qualities of equality and uniformity. A tax is equal and uniform, which reaches and bears with the like burden upon all the property within the given district, county, etc. It bears the like burden, when the valuation of each parcel is ascertained in the same mode—the mode prescribed by law—and when it is subject to the same rate of taxation as other property within the district, county, etc. Absolute equality is unattainable, and the benefits derived, or to be derived, from the expenditure of the tax, cannot be taken into the account.

It is further objected, that the twentieth section of the Act authorizes the Board of Supervisors to remit the taxes upon such property as they may deem just and proper. It is not alleged that they have remitted such taxes. When a case of that character is presented, it will be a question whether the action of the Board in that respect is not unauthorized and void—whether the section alluded to is

not unconstitutional—but that provision does not render the whole Act void.

Judgment affirmed.