[No. 3,510.]

## THE PEOPLE *v.* B. S. SARGENT ET AL.

LAWS IN CONFLICT WITH EACH OTHER.—An Act authorizing the Board of Supervisors of a county to levy and collect, for county school purposes, a rate of taxation which will produce an amount not exceeding a given sum, and which rate may be as high as fifty cents on the one hundred dollars, is in conflict with, and repealed by, a subsequent Act passed for the whole State, in which it is provided that the Board of Supervisors of each county shall annually levy a school tax not exceeding thirty-five cents on each one hundred dollars of the property in the county.

TOWNSHIP ASSESSOR.—A tax on the property in a township for a Township Road Fund, must be assessed by an Assessor elected by the electors of the township.

POWER OF COUNTY ASSESSOR.—A County Assessor cannot assess the property of a township for a tax levied on the township property, to raise a fund for township purposes.

APPEAL from the District Court of the Twelfth Judicial District, San Mateo County.

This action was brought against defendant Sargent and the land assessed, to recover the State tax and county tax as well as for the county school tax and the township road

tax. The Court below rendered judgment in favor of the plaintiff for the State tax and general county tax.

The other facts are stated in the opinion.

*H. N. Nutting,* for Appellant.

The general school law of April 4th, 1870, does not repeal the special Act relating to the amount of money the Board of Supervisors of San Mateo County are empowered to raise, passed March 12th, 1870. A general law does not repeal a special law, unless expressly naming it. Two statutes must both stand if possible. (Stats. 1870, pp. 290, 853, Sec. 115; *People* v. *Wells*, 11 Cal. 329.)

The road tax is not a district or town tax, such as is referred to in the Constitution of California, Art. XI, Sec. 13, but a county tax. Although recommended by Township Trustees, and expended under their supervision, it is levied by the Board of Supervisors of the county, who alone have the entire management of the road system of the county. The Township Trustees are merely the ministerial agents of the Supervisors, created for the purpose of more efficiently and conveniently doing local work.

*A. Teague,* for Respondent.

The township tax is unconstitutional in this: the complaint as well as the facts show that the assessment was made for township road purposes by the County Assessor, and not by an Assessor elected by the district for road purposes. (Art. XI, Sec. 13, of the Constitution of the State of California.)

The school tax of fifty cents on the one hundred dollars valuation of property, levied by the Board of Supervisors, is without authority of law, and void, for the reason that the Act of March 12th, 1870 (Stats of 1869–70, p. 292), amending the Act of 1866, under which Act the Board of Supervisors levied the tax now in question, was repealed by the

general school law of April 4th, 1870. (See Sec. 90, Stats. 1869–70, p. 848; see also, repealing section.) The statute must be followed strictly, or else the levy is void.

By the Court, Belcher, J.:

This is an action for the collection of delinquent taxes in San Mateo County. The Court refused to render judgment for the plaintiffs, for the county school tax and the township road tax, and the plaintiffs appeal.

1. The county school tax was levied at the rate of fifty cents on each one hundred dollars of taxable property, under a special Act of the Legislature, passed March 12th, 1870, authorizing the Board of Supervisors of San Mateo County to levy and collect for county school purposes, upon the whole amount of taxable property in the county, a rate of taxation which would produce an amount not exceeding nine thousand five hundred dollars. (Stats. 1869–70, p. 290.)

Afterwards, on the 4th of April, 1870, the Legislature passed a general school law for the State, whereby it was provided that "the Board of Supervisors, except in the City and County of San Francisco, of each county, shall annually, at the time of levying other county taxes, levy a school tax, the maximum rate of which shall not exceed thirty-five cents on each one hundred dollars of taxable property in the county." (Stats. 1869–70, p. 824, Sec. 90.)

On the part of the defendant it was contended that the general law repealed the special law, and the Court so held.

We think there was a manifest conflict in the respect named, between the provisions of the two Acts, and that they could not stand together. (*People* v. *Burt*, 43 Cal. 560.)

2. The township road tax was levied upon all the taxable property in the township, and the assessment therefor was made by the County Assessor.

By the Act of March 25th, 1868, concerning roads and

highways in the County of San Mateo (Stats. 1867–8, p. 283), the several townships in the county were charged with the construction, repairs, and management of all the public roads within their respective limits.

Section twelve of the Act reads as follows : " The Boards of Trustees of the several townships of San Mateo County shall have the entire and exclusive management, control, and supervision of all the public roads in said county; each township managing, controlling, and supervising so much of the public roads as lie within their townships respectively; and all the expenses incurred or to be incurred in the construction, repairs, or keeping in order the public roads of said county shall be borne and paid by the several townships through which said roads pass—each township paying the expenses incurred in the construction and repairs of so much of said roads as may lie within their townships respectively."

Section fifteen requires the Board of Supervisors of the county, at the time of levying the county taxes, to also levy for each township upon the taxable and assessed property therein situated, according to the assessment roll completed and equalized for the fiscal year then current, such taxes, not exceeding two dollars on the one hundred dollars valuation of taxable property, as the Trustees of the several townships severally shall direct.

It then provides: "Said taxes levied and collected as aforesaid, shall constitute and be known as the 'Township Road Fund,' and shall be applicable only to the payment of the Roadmasters, Township Trustees, Township Clerk, Township Treasurer, and for the construction, repairs, and improvement of public roads and highways, and the necessary expenses incidental thereto."

The Court below considered the tax unconstitutional and void, for the reason that the defendant's property was as-

sessed by the County Assessor, and not by a Township Assessor elected by the qualified electors of the township in which the property was situated.

In *The People* v. *Hastings,* 29 Cal. 449, it is said: "The constitutional requirements are not satisfied merely by an assessment made in the manner directed by law; but it is provided that the Assessors of town, county, or State taxes, shall be elected by the qualified electors of the district, county, or town in which the property to be taxed is situated—that is to say, that the assessment must be made by a person elected as an Assessor by the qualified electors of such district, county, or town. A tax, in order to be valid, must rest upon an assessment made in the mode prescribed by law, and by an Assessor elected as provided by the Constitution."

And in that case it was held that an assessment for the City of Sacramento, made by an Assessor elected by the qualified electors of the City and County of Sacramento, furnished no basis for a valid tax. "It was not made," the Court say, " by an Assessor elected by the qualified electors of the district in which the property to be taxed was situated, the City and County of Sacramento not being the same district as that of the City of Sacramento."

As the road tax involved in this case does not rest upon an assessment made by an Assessor elected by the qualified electors of the township where the property assessed was situated, it cannot be sustained.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.