[No. 3,854.]

## DAVID WILLIAMS AND THOMAS · WILLIAMS v. MARTIN CORCORAN.

TAX FOR LOCAL IMPROVEMENT.—A charge imposed by law upon the assessed value of all property, real and personal, in a district, is a tax, and not an assessment, although the purpose be to make a local improvement on a road.

PROPERTY TO BE ASSESSED BY AN ASSESSOR OF A DISTRICT. — An Act of the Legislature authorized a tax for road purposes upon property along a road in a portion of Santa Clara County, and provided that it might be assessed by the County Assessor, and it was so assessed; *Held*, that the assessment was void, because not made by an Assessor elected by the electors of the district.

CLOUD UPON TITLE.— A tax deed, based upon an assessment made under an unconstitutional Act of the Legislature, will not constitute a cloud on the title.

PARTY PRESUMED TO KNOW THE LAW. — The plaintiff, in an action to enjoin the collection of an unconstitutional tax, is presumed to know the law, and to know that a deed given at such a tax sale would be void.

COERCION. — A threat by the Collector to sell lands for taxes made before the taxes become delinquent, does not amount to coercion.

APPEAL from the District Court of the Twelfth Judicial District, Santa Clara County.

The action was brought to recover back a sum of money paid the defendant, as Tax Collector of the County of Santa Clara, under protest. The defendant had judgment on demurrer to the complaint, and the plaintiffs appealed.

*Archer & Lovell*, for Appellants.

The action was properly brought. The tax being illegal, and having been paid under protest, may be recovered back

in this form of action. (*Hays* v. *Hogan*, 5 Cal. 241; *Bell* v. *Hunt*, 16 Cal. 167; *Guy* v. *Washburn*, 23 Cal. 111.)

The tax in question was levied upon an assessment of the property, made by the County Assessor of the County of Santa Clara, and not by an Assessor elected by the qualified electors of the district. Said tax is, therefore, illegal and void. (Act of the Legislature, Stats. 1871-2, pp. 415-418; Constitution, Article XI, Sec. 13; *People* v. *Hastings*, 29 Cal. 449; *Reily* v. *Lancaster et al.*, 39 Cal. 354; *People* v. *Sargent*, 44 Cal. 430.)

*J. C. Black* and *Silent & Herrington*, for Respondent.

There can be no objection to the form of this action, if the circumstances warrant a recovery. But protest alone is not sufficient for that purpose if the tax is illegal. *Hays* v. *Hogan*, 5 Cal. 241, is not in point for appellants. The action was for town taxes paid under protest by plaintiff, while his property was in process of sale, and in a case where the town authorities had exceeded their powers. In *Bell* v. *Hunt*, 16 Cal. 167, cited by appellants, the opinion does not disclose jeopardy of either person or property of plaintiffs. That one or the other was in jeopardy there is good reason to infer. The tax was a State and county tax. *Guy* v. *Washburn*, 23 Cal. 111, was an action to recover back city taxes paid under protest when the Collector was about to sell the property taxed. None of these cases rest upon facts such as the complaint in this action discloses.

Protest avails nothing where there is no jeopardy of either person or property. (Dillon on Municipal Corporations, Sec. 751, particularly note on p. 706.) The rule applies alike to corporations and private individuals as to voluntary payments. (Id.)

The tax was voluntarily paid before it was delinquent. (*McMillan* v. *Richards*, 9 Cal. 366; *Garrison* v. *Tillinghast*, 18 Cal. 404; *Guy* v. *Washburn*, 23 Cal. 111.)

By the COURT:

The Act of March 16th, 1872, to provide for the opening
and improving of Santa Clara and Saratoga Avenue, in the
County of Santa Clara (Stats. 1871–2, p. 415), provides in
the seventh section that, "in addition to the ordinary taxes
levied for municipal purposes in the town of Santa Clara,
and for county purposes in the County of Santa Clara, there
shall be levied for the two years next ensuing after the pas-
sage of this Act, upon the real and personal property within
the Town of Santa Clara, and upon the real and personal
property owned and situate without the limits of said town
and [within] the following lines and boundaries, to wit:"
(describing a district of country extending from the said
town to the southwestern boundary of the county) "a special
tax of ten cents on each hundred dollars," etc.    The section
further provides that on the property within that district
the special tax "shall be assessed, levied, and collected each
year, at the same time, in the same manner, and by the
same officers, that State and county taxes are assessed, levied,
and collected in the County of Santa Clara."

The lands of the plaintiffs are situated in that district, and
were assessed for the purposes mentioned in the Act, by the
County Assessor.    They paid the taxes thereon under pro-
test, and this action is brought against the Tax Collector to
recover back the amount so paid.    The action was com-
menced before the time at which the tax would have become
delinquent, had it not been paid.

First—The first question is whether the Act provides for
the levying of a tax or of an assessment.    *People* v. *Whyler*,
41 Cal. 351, and *Taylor* v. *Palmer*, 31 Cal. 251, clearly estab-
lish the proposition that the charge authorized by the Act
to be imposed upon property within the district and the town
is a tax.    The language of the Act in question in *People* v.
*Whyler* was substantially the same as in this case—the tax

was to be levied upon all the property, both real and personal, within the district—and although the purpose was, as it is in this case, to make a local improvement, it was held that the Act provided for the levying of a *tax*. The principal proposition determined in *Taylor* v. *Palmer,* is that an assessment is a charge only upon the *real estate* within the given district, and for that reason it was held that a personal judgment could not be rendered for the amount of the assessment against the person owning the real estate charged with the assessment.

Second—The Act creates a district, in addition to the Town of Santa Clara, for the purpose of taxation, to raise the money necessary to carry out the scheme devised by the Act; and it is provided that the assessment within that district shall be made by the County Assessor. After the very full and deliberate consideration which has been bestowed upon this question in several cases in this Court, it is needless to say more here than that the provision in question is repugnant to section thirteen of Article XI of the Constitution—that the assessment is void, because it was not made by an Assessor elected by the qualified electors of that district. (*People* v. *Hastings,* 29 Cal. 449; *Riley* v. *Lancaster,* 39 Cal. 354; *People* v. *Sargent,* 44 Cal. 430.)

Third—The plaintiffs are presumed to know the law; to know that the provision of the Act in respect to the assessment of the property within the district was void. A tax deed, based on the assessment in this case, would not constitute a cloud on their title to the lands. The threat by the Collector to sell their lands, made before the taxes had become delinquent, was idle, and did not amount to coercion within the doctrine of *Bucknall* v. *Story, post.*

Judgment affirmed; remittitur forthwith.