[No. 4764.]

## W. C. MASON *v.* PERRY JOHNSON.

PROTEST AGAINST PAYMENT OF TAX.—A tax collector is bound to know the limits of the district for which he was elected, and if he enforces the payment of a tax on property outside of said limits, a general protest against the payment of the same is sufficient to enable the party paying to recover it back.

COLLECTION OF TAX.—A tax collector elected for a city cannot collect the taxes of an adjoining town, even if it has, after his election, and after the levy of the tax, been annexed to the city.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The defendant, on the fourth day of March, 1872, was elected marshal of the city of Oakland, for two years, and, as marshal, was ex officio tax collector. Brooklyn, an in-

corporated town, joined Oakland on the south. On the first day of May, 1872, W. H. Hamilton was elected assessor of Brooklyn, and assessed the property of the town before the first Monday in August. The Board of Trustees of Brooklyn, on the seventh day of October, levied a tax for town purposes. The tax was payable before the first Monday in January, 1873, and the town treasurer was made the collector. The act of February 1, 1872, empowered the inhabitants of territory adjacent to a city to annex such territory to the city by a vote. On the eleventh day of November, 1872, Brooklyn was under said act annexed to Oakland, by a vote of the inhabitants of Brooklyn. The Board of Trustees of Brooklyn delivered to the Council of the city of Oakland the assessment-roll of Brooklyn, and the defendant proceeded to collect the tax. The plaintiff's property in Brooklyn had been assessed, and the defendant threatened to sell it for the delinquent tax. He served the following protest on the defendant, and then paid it:

"Perry Johnson, marshal and ex officio tax collector of the city of Oakland. Sir: You will take notice that I pay you the taxes on my property in the late town of Brooklyn (assessed for purposes of revenue of said town, for the fiscal year ending June 30, 1873, as per the assessment-roll thereof now in your possession, and for the collection of which said taxes you have advertised for sale and threaten to sell my said property) under protest, and by duress and compulsion, and to save my said property from sale and confiscation, and that I protest against said payment and against your acts in the premises as unlawful, unjust and oppressive. Dated February 21, 1873."

This action was brought to recover the amount of the tax thus paid under protest. The court rendered judgment for the defendant, and the plaintiff appealed.

*Walter Van Dyke*, for the Appellant.

The power to collect this tax was given to the town of Brooklyn, and not to the city of Oakland, and the latter, through its collector or otherwise, could not assume that power. (Act to incorporate the town of Brooklyn, etc.,

approved April 4, 1870, Stat. 1869–70, p. 680, sec. 8; Dillon's Municipal Corporations, 556–559.)

Besides, defendant was not elected tax collector of the town of Brooklyn, nor by the electors of that town, for which the taxes were levied and assessed. (Const., Art. XI, sec. 13; *Merrill* v. *Gorham*, 6 Cal. 41–43; *People* v. *Hastings*, 29 Cal. 449–453.

The defect or want of authority in the defendant was a matter of law, and known to him as well as the plaintiff and his assignors, and no protest was necessary for that purpose. (4 Met. 181–89; 17 Mass. 461; 12 Pick. 7.)

The only office of a protest in this case is to show that the money was not voluntarily paid.

*S. F. Gilcrist,* for the respondent, argued that the defendant, by virtue of his election as tax collector for the city of Oakland, became tax collector to the extent of its limits during his continuance in office, and that the protest was insufficient, and cited *Meek* v. *McClure*, 49 Cal. 623.

By the COURT:

1. The protest served upon the defendant was sufficient, for the defendant was bound to take notice of the matter, which rendered the tax illegal.

2. There was no authority in the tax collector of the city of Oakland to collect the taxes levied in the town of Brooklyn. He had not been elected tax collector by the qualified electors of Brooklyn, as required by the constitution. (Art. II, sec. 13.) The case of the *People* v. *Hastings* (29 Cal. 449) upon this point is decisive of this case.

Judgment reversed, and cause remanded with directions to render judgment for the plaintiff upon the agreed statement of facts.

Mr. Justice McKinstry expressed no opinion.