[No. 5415.]

## THOMAS A. SMITH *v.* R. S. FARRELLY.

ASSESSMENT AND COLLECTION OF TAX.—If an act creates a district within a county, and authorizes the Supervisors to levy a tax upon the property therein for the purpose of building a bridge, the property within the district cannot be assessed for the tax by an Assessor elected by the county, nor can the tax be collected by a Collector elected by the county.

TAX AS DISTINGUISHED FROM ASSESSMENT.—A tax for local improvement levied upon the property within a district created by an act of the Legislature, is not an assessment within the meaning of that term as employed in art. 11, sec. 18, of the Constitution.

PROTEST ON PAYMENT OF TAX.—It is not necessary for a person paying a tax under protest to state facts in the protest of which the Tax Collector has notice.

TAX PAID UNDER DURESS.—A tax paid under protest, after the delinquent list comes into the hands of the Tax Collector for collection by sale of property, and after the publication of the delinquent list, is paid under duress.

San Antonio Creek forms the boundary between the Township of Alameda and the City of Oakland, in the County of Alameda. The acts referred to in the opinion provided for the construction of a draw-bridge across the creek, and for a tax upon the property in said township and city for the payment of the cost. No provision was made for the election of an Assessor or Collector of the tax in said places, or either of them.

In Alameda County the Assessor and Collector of taxes were chosen by the electors of the entire county. The Board of Supervisors levied the tax for the fiscal year 1873, and the same was apportioned upon an assessment made by the County Assessor. The plaintiff's property, in the Township of Alameda, was assessed. The defendant was the Tax Collector of said county. About the 28th of October, 1873, the Auditor delivered to the defendant a duplicate of the assessment book, duly verified, and demanded of the defendant the payment of the tax, and notified him that it would become delinquent on the 5th of January, 1874. The tax became delinquent on said 5th of January, and the Tax Collector, on said day, advertised the tax as delinquent in a newspaper, and also published that unless the tax was paid on or before the 18th day of February, 1874, that he would sell the plaintiff's property to pay the same. On the 17th of February, 1874, the plaintiff paid the tax, and at the same time handed the Collector the following protest:

"To R. S. Farrelly, Esq., County Treasurer of Alameda County—SIR: I pay the sum of $——, part of the sum demanded of me for taxes for the fiscal year 1873 and 1874, being the amount claimed and charged as Alameda Bridge Tax, because you threaten to collect the same by sale of my property, as if it were a lawful tax against me. I protest against the payment of said sum of $—— as and on account of said Bridge Tax, on the ground that said Bridge Tax is not lawfully assessed, and is not a lawful charge against me or my property, and on the further ground that you have no lawful authority to collect the same; and you are hereby notified that I shall commence suit to recover said sum.

"February ——, 1874.        (Signed)        ——————."

There were several other parties who paid their taxes under the same circumstances, and who made similar protests, and then assigned their demands to the plaintiff. He commenced this action on the 3rd day of August, 1874, to recover the money thus paid. The Court below rendered judgment for the defendant, on the ground that there was no statement in the

protest which notified the Collector of any matter which rendered the tax illegal. The plaintiff appealed.

*R. P. Clement* and *George F. Baker*, for the Appellant.

A tax must be based upon an assessment made by an Assessor elected by the electors of the district taxed, and collected by a Collector elected by the electors of the district taxed. (Constitution of California, art. 11, sec. 13; *Williams* v. *Corcoran*, 46 Cal. 555; *People* v. *White*, 47 Ibid. 617; *People* v. *S. & C. R. Co.* 49 Ibid. 414; *People* v. *Sargent*, 44 Ibid. 432.) The payment was made under duress. (*Joyner* v. *Third School District*, 3 Cush. (Mass.) 567; *Hubbard* v. *Brainard*, 35 Conn. 563.) The protest was sufficient. The defendant knew the extent of his powers, the source of his authority, and is bound and presumed to have known the law. To hold that he must be informed of what he already knows, of conclusions he is presumed to have reached, and told of facts peculiarly within his own knowledge, is to go to a limit which strains common sense.

*John R. Glascock*, for the Respondent.

The tax at bar is not a tax within the meaning of art. 11, sec. 13, of the Constitution, but a tax levied for local improvement; and, as such, does not fall within the clauses in relation to equal and uniform taxation, or the mode and manner of assessment, or the person by whom assessment shall be made. Those clauses relate to taxation for revenue — taxation founded on the benefit supposed to be derived from the organization of a government for the protection of life, liberty, and property. In matters of taxation for local improvement the Legislature is left untrammeled by the Constitution. (*Bennett* v. *Mayor of Sacramento*, 12 Cal. 76; *Emery* v. *S. F. Gas Co.* 28 Cal. 345; *Egyptian Levee Co.* v. *Hardin*, 27 Mo. 495; *Yeatman* v. *Crandall*, 11 La. An. 498; *Hagar* v. *Sup. Yolo Co.* 47 Cal. 234; *Taylor* v. *Palmer*, 31 Cal. 252.)

It was competent for the Legislature to determine the mode and manner of assessment, and the person by whom it should be made and the tax collected.

Assuming said act to be unconstitutional, said taxes were paid voluntarily, and cannot be recovered. There was no coercion nor duress.

1. The notice by the Tax Collector that if said taxes were not paid on or before the 18th of February, 1874, he would sell, etc., was insufficient to establish coercion.

The law requires that the Tax Collector shall " designate the time and place of sale." (Political Code, sec. 3767.)

Said taxes were paid in on the 17th of February, 1874.

2. Had sale taken place under this act, no cloud would have been cast upon the title of appellant or that of his assignors.

By the COURT :

This is an action to recover back from the Tax Collector of Alameda County a sum of money paid for taxes under protest. The Act of April 4th, 1870, (Statutes 1869–70, p. 693) to authorize the construction of a drawbridge across San Antonio Creek, and the Act amendatory thereof passed February 12th, 1872, (Statutes 1871–2, p. 83) created a district, (or perhaps the acts may be construed as creating two districts) and authorized taxes to be levied upon the property therein to raise money to pay the expenses of the construction of the drawbridge, and the road leading thereto. The tax in question was levied upon property in Alameda Township, which constituted a part of the first mentioned district.

The first objection to the tax is that the property was not assessed by an Assessor elected by the qualified electors of the District, but that the assessment was in fact made by the County Assessor. This objection is fatal to the tax. (*People* v. *Hastings*, 29 Cal. 449; *People* v. *Sargent*, 44 Cal. 432; *Williams* v. *Corcoran*, 46 Cal. 555.)

It is further objected that the Tax Collector was not authorized to collect the tax, as he was elected and acting as the County Collector, and not as the Tax Collector for the Revenue District, or either of the districts created by the acts above mentioned. This objection also is well taken. (See cases above cited.)

The tax in this case is a tax within the meaning of that term as employed in art. 11, sec. 13, of the Constitution, and is not an assessment. (*People* v. *Whyler*, 41 Cal. 351.)

The protest in this case was sufficient, within the doctrine of *Meek* v. *McClure*, 49 Cal. 628, and *Mason* v. *Johnson*, 51 Cal. 612. The Tax Collector had notice that he was not elected as the Tax Collector for that district, and that the assessment had been made, not by a District Assessor, but by the County Assessor. It is not necessary for the person paying taxes under protest to state facts of which the Tax Collector has notice.

The taxes were paid after the delinquent list came to the hands of the Tax Collector, for the collection of the taxes therein contained, by sale, etc., and after the publication of the delinquent list. A payment made under those circumstances was a payment under duress. (*Williams* v. *Corcoran*, 46 Cal. 556.)

Judgment and order reversed, and cause remanded for a new trial.

Remittitur forthwith.