Hospes and others *v.* Northwestern Manuf'g & Car Co. and others.[1]

*(Circuit Court, D. Minnesota.  January 5, 1885.)*

REMOVAL OF CAUSE—CITIZENSHIP—INSOLVENT CORPORATION—PROCEEDINGS UNDER MINNESOTA STATUTE—RIGHT OF NEW PARTY TO REMOVE CASE.

> Where an action has been brought against an insolvent corporation under the special provisions of chapter 76 of the Minnesota General Statutes of 1878 in the state court, and a creditor, who is a citizen of another state, has, by order of that court, obtained leave to be made a party to the suit, he must proceed by supplemental bill or complaint to become such party, and as this is not an original suit, but an ancillary and auxiliary proceeding, where the parties to the original suit are citizens of the state of Minnesota, he cannot remove the case into the federal court.

On Motion to Remand.

*J. N. & I. W. Castle,* for plaintiff.

*Secombe & Sutherland,* for defendant bank.

NELSON, J., *(orally.)*  In the case of *Hospes* against *The Northwestern Manuf'g & Car Co. et al.,* a motion to remand is made by the plaintiff. The action was removed by the Mercantile Bank, of Boston, who, it is claimed, had become, by order of the state court during the proceedings, a party to the controversy. The action was commenced by Hospes & Co. against the Northwestern Manufacturing & Car Company, under a special provision of our statute, which is an extract from the old New York statute of 1825. It is a little remarkable that in all these proceedings there has been no citation of authorities on either side of cases which have arisen under the law of the state of New York, or under the statutes of the states of Wisconsin and Michigan, which are extracts from the New York statute. This is a proceeding to wind up an insolvent corporation. The plaintiff obtained a judgment at law against the defendant, issued an execution, and the same was returned *nulla bona* by the sheriff. In cases of this kind the statute provides that where a plaintiff sets up all previous facts,—the judgment being the basis and foundation of the proceeding,—or makes complaint to the district court of the county where the judgment was obtained, the district court may sequestrate the property of the corporation, and appoint a receiver. The case then proceeds as an original suit. That was the view which was taken of it by Chancellor WALWORTH, and by other judges of New York; that it was a proceeding provided by the statute for the purpose of winding up an insolvent corporation. There is a provision, also, in our statute that whenever the judge of the court thinks it proper and advisable that all parties who were creditors should become parties to the proceedings, he might issue an order to that effect, requiring all the creditors to become parties within a certain

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

specific time,—six months,—or be barred from all participation in the distribution of the funds. It, however, does not require an order of the court to distribute such funds to the creditors when a final decree was rendered in the case. The object of the law is to make an equitable distribution of all the property of the corporation among all the creditors in proportion to their debts, and the statute so provides. Rev. St. Minn. *c.* 76, § 10.

This proceeding was instituted by the plaintiff upon a judgment previously obtained. Upon that complaint, with the summons being filed in the state court, an order was issued to show cause why, on the return of the order and hearing of counsel, a receiver should not be appointed for this corporation. It is very doubtful whether, under the statute as it exists, the plaintiff was entitled to have a receiver appointed before the company was condemned and declared to be insolvent. The statute says that on complaint made the court may sequestrate the property, and appoint a receiver. Now the appointment of a receiver would be a sequestration of the property, because, when the directors and stockholders are stripped of their franchises, and there is a receiver appointed, there is virtually a dissolution of the corporation. So it is very questionable whether a receiver of a corporation could legally be appointed in advance of the condemnation and sequestration of the property and stock of the corporation.

The case of *Corning* v. *Mohawk Valley Ins. Co.* 11 How. Pr. 190, is a very instructive one, where Judge HARRIS, of the supreme court of the Albany district, was inclined to take the view that, after the Code had been adopted in the state of New York, it was proper for a complaint or petition to be filed, and on order to show cause why sequestration of the property and effects of the corporation should not be made, to appoint a receiver; although he conceded that, the original statute not being repealed, a corporation might be wound up by suit also. And he held in that case that when the judgment creditors had taken proceedings to wind up a corporation there was no new suit, but a continuation of the original suit, and it did not require the service of any process against the defendant. In the case of *Judson* v. *Rossie Galena Co.* 9 Paige, Ch. 600, Chancellor WALWORTH reviewed and passed upon the New York statute, (of which, as I before stated, our statute is an extract,) and used the following language:

"It is difficult to say precisely what proceedings were contemplated by the framers of the fifty-sixth section, (*vide*, also, Minn. Rev. St. *c.* 76, § 23,) to enable the creditors of a corporation to make themselves parties to a suit, before there had been a decree for the benefit of all the creditors. In the note to that section the revisers say it is in conformity to the practice in the similar case of executors, where the creditors have claims upon a common fund for the payment of all ratably, or according to a specified order of priorities: the court directs a reference to *a master* to take proof of the claims of all the creditors, and directs notices to be published, requiring all the creditors to come in before such *master* and prove their claims; and those creditors who were

not parties to the suit originally, make themselves parties thereto by going before the *master*, on the reference, and proving their debts under the decree. * * * The only other way in which a creditor can make himself a party to a suit is by the filing of a supplemental bill, and making the previous parties to the suit defendants in such bill. It could not have been the intention of the legislature to require each creditor of an insolvent corporation to file a supplemental bill against its directors and stockholders, or be forever barred from having any claim against them or against the corporate fund. And as each creditor of the corporation has the right to contest the validity of the claims of the others, it would be improper to compel them all to join in one bill, which might deprive them of that right. Besides, the joining of all the creditors in the same suit, and carrying on a litigation in their joint names, would, in nine cases out of ten, be found wholly impracticable."

All that was done in the case at bar in the court below was, an order was made that all creditors, including the present creditor, the bank who brought this suit, and had removed it to this court, should become parties to the suit, and the only manner in which the bank could become a party was by a supplemental complaint. In the papers, which are very voluminous, there is a paper claiming that the defendant is a debtor to the plaintiff, and asking leave to file the same. This paper seems to be rather in the nature of a bill of particulars, although there is a short plea for relief at the end; that is, it has nothing about it that would indicate that it is intended to be a supplemental complaint; because, in a supplemental complaint, one who seeks to become a party to the suit must make all the rest of the parties, both plaintiff and defendant, parties to the supplemental bill. If I am right in my view of the case as it stands, the bank, having by order of the court obtained leave to become a party to the suit in the state court, should have taken steps by supplemental bill or supplemental complaint to become such a party. In doing so, the proceeding is not a new suit; it is a dependency upon the original suit. It is an ancillary and auxiliary proceeding and as such the original suit, being between the citizens of the same state, cannot be removed here by one seeking to become a party thereto. The motion to remand is granted.