BUSH v. PIONEER MINING CO. et al.

(Second Division. Nome. December 9, 1908.)

1. PLEADING (§ 274*)—AMENDED OR SUPPLEMENTAL COMPLAINT.

The plaintiff filed two amended complaints, and upon the trial offered a title to support the allegations of the amended complaint, which title was obtained subsequent to the bringing of the action, but was not specifically alleged in either complaint. The evidence was objected to, and excluded. On motion for new trial, *held*, that a title obtained by plaintiff after the filing of his original complaint can only be made available by pleading it by way of a supplemental complaint. If not so pleaded, proof of it will be excluded on trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 832; · Dec. Dig. § 274.*]

Action of ejectment, resulting in a verdict in favor of the defendants. Motion for new trial.

Hobbes & Bell, T. M. Reed, and John J. Reagan, for plaintiff.

I. D. Orton, A. J. Daly, and Albert Fink, for defendants.

MOORE, District Judge. The ground of the motion for the new trial upon which the plaintiff mainly relies is embodied in the reason No. 6 in support of the motion, phrased in this language:

"Error in law occurring at the trial, and excepted to by the plaintiff, namely, error in rejecting proof of the Alexander location of January 1, 1901; error in granting a nonsuit as to the Pioneer Mining Company; error in the instructions given and excepted to by the plaintiff; and error in refusing to give instructions requested by the plaintiff and excepted to by the said plaintiff."

These propositions will now be considered in the order given above.

Did the court err in rejecting proof of the Alexander location of January 1, 1901? The determination of this question will depend on the pleadings of the plaintiff as they stood at the time of the trial. On September 24, 1906, the complaint proper was filed. The plaintiff therein deraigned his title to the premises in controversy, the Big Clid fractional claim, from a location made by F. F. Bowers on August 1, 1900, and an amended location thereof of subsequent date under the name of the Daisy placer mining claim, alleging mesne conveyances whereby plaintiff became the owner of an undivided one-fourth interest in the said Daisy claim.

On August 14, 1907, an amended complaint was filed by leave of the court. The plaintiff in that pleading omits the detailed recital of the two several locations hereinabove mentioned, and in section 3 alleges:

"That the said plaintiff is the owner in fee of an undivided one-fourth interest in the premises hereinafter described and entitled to the immediate possession thereof, under and by virtue of valid and subsisting mining locations, made by his predecessors in interest under the mineral land laws of the United States on and subsequent to August 1, 1900, who thereafter conveyed to said plaintiff by certain mesne conveyances an undivided one-fourth interest of, in, and to said premises."

Nowhere in this amended complaint is the claim in controversy given a name, but a description of it by metes and bounds does appear. On September 4, 1907, a motion was filed to make this amended complaint more definite and certain, by setting forth therein under what mining locations plaintiff claims to have an undivided one-fourth interest in the premises described in the complaint, and when and by whom said locations were made. Subsequently, after argument, the motion was overruled by the court. The plaintiff in this second complaint describes it as an amended complaint.

On September 16, 1908, the plaintiff filed a third complaint, to which he also gave the title "amended complaint." The apparent object of the pleader in filing the first amended complaint was to allege either the location of the Big Clid, coupled with the location of the Daisy as an amendment of the Big Clid, or to allege these with another location made subsequent to August 1, 1900. There is nothing in the second pleading suggestive of an intent to open the way for the introduction of evidence of a title accruing to the plaintiff after the institution of the action. Under the provisions of the Civil Code of Alaska it is the peculiar function of a supplemental complaint to give notice of such design of the pleader.

Section 98 of the Code (chapter 11) authorizes a supplemental complaint, and prescribes the characteristic distinguishing it from both an original and an amended complaint. The language of the section is:

"The plaintiff and defendant respectively may be allowed on motion to make a supplemental complaint, answer or reply, alleging facts material to the case occurring after the former complaint, answer or reply. Copies of all pleadings subsequent to the complaint must be served upon the adverse party or his attorney."

The feature on the face of a complaint, or other pleading, which marks it as supplemental, is seen in its allegation of facts material to the case expressed to have accrued after the former

complaint or other pleading. It will not suffice to veil the nature of the pleading by means of misleading or uncertain language. The legislative intent manifested by the language of section 98 is that the court and adverse party shall be enabled thereby readily to take notice, by reading the pleading, of its true meaning and purpose.

The first amended complaint of August 14, 1907, discloses no intent to introduce at the trial evidence of a title acquired later than the filing of the original complaint in the action. Nor does the third complaint, also labeled "amended complaint," notify of such intent; for it was filed to give a more accurate description of the ground which was the subject of the controversy than the first amended complaint furnished, and for that purpose only. The counsel for the plaintiff have urged that the pleader's intent to allege facts occurring subsequent to the filing of the original complaint is shown by the motion which accompanied the complaint of August 14, 1907, and was attached to it. The motion reads:

"Comes now the plaintiff in the above-entitled action and moves the court for leave to file an amended complaint in said action. This motion is based on the records and files in the above-entitled action, and facts occurring subsequent to the filing of the original complaint therein."

This language is not useful to establish the plaintiff's right to introduce evidence of the Alexander location of 1901, for the reason that the proof introduced must correspond with the allegations written in the pleadings. Any other rule would cause uncertainty and confusion in determining what evidence is admissible upon the trial of cases.

That the true test of a supplemental complaint is to be found only in its own allegations is affirmed in 21 Ency. Pleading and Practice, p. 67, par. 3. That paragraph states:

"A supplemental pleading should in strictness purport to be such; but the true nature of the pleading will be determined solely by its

allegations, and not by the mere name given to it by the pleader."
Hospes v. Northwestern Mfg. Co. (C. C.) 22 Fed. 565.

So the preceding paragraph 2, p. 67, of 21 Ency. Pleading
and Practice, supra, lends its aid to clear the matter of haze.
It reads as follows

"The supplemental pleading must be such a one as was described
when leave was asked, and such as was contemplated by the order
granting leave, and the pleader must not attempt to do, inferentially,
though not directly, what the order of the court forbids."

When the court in the present case granted leave to plain-
tiff to file an amended complaint, which asserted his title in
brief form and in terms general, rather than specific, omitting
the details employed by him in deraigning title in the original
complaint, he gave the court, neither in the words of the pro-
posed amendment nor in the language of his motion, any in-
formation that he alleged a title acquired since the pendency of
the action. The motion informed the court that it was—

"based on the records and files in the above-entitled action, the facts
·accruing subsequent to the filing of the original complaint therein."

The motion and complaint, read one following the other, did
not advise the court of a title to the ground passing to him by
conveyance subsequent to the bringing of the action. The
amended complaint, at most, gave notice that possibly he might
rely on a title whose source was subsequent to August 1, 1900;
while the motion told only of "facts"—not revealed—which had
occurred after the filing of the original complaint.

In trying to make an amended complaint do service as a sup-
plemental complaint, defined as a supplemental complaint is
by the Alaska statute, the plaintiff exacts as a right from the
court that which was never granted him; for the court granted
him the right to file an amended complaint, not a complaint
which would change the basis of the action.

The view thus far announced as to the nature and office of
a supplemental complaint are in accord with a line of decisions

by the highest court of the state of California.  The Supreme.
Court of that state says:

"A defendant in ejectment can only set up a title acquired pending
the action by amending his answer and averring the fact that the
title was acquired since the commencement of the action." Reiley
v. Lancaster, 39 Cal. 354.

"Facts which occur subsequent to filing an answer, materially af-
fecting the rights of the respective parties to the advantage of the
defendant, and which, if in evidence, would necessarily change the
result to the detriment of the plaintiff, should be embodied in a sup-
plementary answer, to authorize evidence of them without plaintiff's
consent." McMinn v. O'Connor, 27 Cal. 248.

"After-acquired title can only be made available by setting it up
in a supplemental answer." Bagley v. Ward, 37 Cal. 121. [99 Am.
Dec. 256]; Moss v. Shear, 30 Cal. 468.

These California authorities are all decisions based on a stat-
ute providing for and defining supplemental pleadings.

And in Hardy v. Johnson, 68 U. S. 374, 17 L. Ed. 502, Jus-
tice Field, speaking for the Supreme Court of the United
States, says:

"Any title acquired subsequently to the issue thus joined must be
set up by supplemental answer in the nature of a plea puis darrein
continuance."

He adds that this is the use and purpose of a supplemental
complaint in the Circuit Court of the United States—meaning
the court of the circuit to which he was assigned, embracing
the Pacific Coast.

The foregoing considerations lead to the conclusion that the
court, in holding the plaintiff in this case to good faith, and in
attaching to his pleadings the meaning which he himself af-
fixed to them, committed no error when he excluded evidence
of the Alexander location, the foundation of an alleged title
vesting in plaintiff subsequently to the bringing of the present
action.

All the various acts of the court assigned as erroneous in
reason No. 6 have been carefully considered, and I am of the

opinion that the rulings excepted to were correct, in view of the facts developed in the case.

I discover no substantial merit in any of the other grounds alleged in support of the motion, and the motion is now overruled.