CENTENNIAL EUREKA MINING COMPANY RE-
SPONDENT, *v.* JUAB COUNTY, APPELLANT.

NET PROCEEDS OF MINES—WHEN FIRST TAXABLE—SEC. 3, P. 423,
S. L. U. 1896—PLEADING—ACTION UNDER SEC. 2684, R. S. 1898—
COMPLAINT — SUFFICIENCY OF — CAUSE OF ACTION — WHEN
ARISES UNDER SECS. 2684-2685 R. S. 1898—PAYMENT—OF ILLE-
GAL TAX—ACTION UNDER SEC. 2684 R. S. 1898—LIMITATION AP-
PLICABLE — SEC. 2883 R. S. 1898 — TAY LEVY UNAUTHORIZED—
COLLECTION ILLEGAL—SHOWING REQUIRED OF PLAINTIFF IN AC-
TION TO RECOVER — ESTOPPEL — ESTOPPEL IN PAIS — ESSENTIAL
REQUISITES—DURESS—WHEN NOT NECESSARY TO SHOW — PRO-
TEST—ON PAYMENT OF TAXES — REASONS FOR PROTEST UNNEC-
ESSARY—UNDISPUTED FACTS—INSTRUCTION TO FIND VERDICT.

*Net Proceeds of Mines—When First Taxable—Sec. 3, p. 423, S. L. U.
1896.*

Prior to the going into effect of the Session Laws of Utah, 1896,
Sec. 3, page 423, the net annual proceeds of mines were not
taxable.

*Pleading—Action Under Sec. 2684 R. S. 1898 — Complaint — Suf-
ficiency of.*

A complaint, in an action against a county to recover an illegal
tax, brought under Sec. 180 of the Revenue Act of 1896, (Sec.
2684 R. S. 1898) which sets forth the portion of the levy of
taxes alleged to be unlawful; that the duly qualified treas-
urer and collector of defendant demanded and received the
illegal tax, and that plaintiff paid the same under protest,
states a cause of action.

*Cause of Action—When Arises—Under Sec. 2684-2685 R. S. 1898.*

Under the provisions of sections 180 and 181 of the Revenue
Act of 1896 ( Secs. 2684-2685 R. S. 1898 ), the moment plaintiff
paid the unlawful tax under protest, he acquired the right to
institute suit against the defendant, and no presentation of
the claim to the county court was necessary, as a prerequisite
to the commencement of the action.

*Payment — Of Illegal Tax—Action Under Sec. 2684 R. S. 1898 — Limitation Applicable—Sec. 2883 R. S. 1898.*

When a party pays an unlawful tax under protest, a cause of action, under the provisions of Sec. 180 of the Revenue Act 1896 ( Sec. 2684 R. S. 1898 ) at once accrues in favor of such party to recover such tax; the statute of limitations begins to run from the date of such payment and section 2883 R. S. 1898 fixes the limitation in such cases at four years.

*Tax Levy Unauthorized—Collection Illegal—Showing Required of Plaintiff in Action to Recover—Estoppel.*

The levy of the tax in question being unauthorized by law and the collection thereof therefore illegal, plaintiff was only obliged to make the showing required by Sec. 181 of the Revenue Act of 1896 ( Sec. 2685 R. S. 1898 ), to entitle it to recover, and the filling up, verifying and returning, by plaintiff, of the blank required by the assessor and Secs. 62, 63, 64 and 65 of said Revenue Act does not estop plaintiff from maintaining his action.

*Estoppel in Pais—Essential Requisites.*

In order to create an estoppel *in pais* it is necessary that the party estopped should have:—1st. Falsely represented or concealed a material fact; 2d. The false representation or concealment must have been knowingly made; 3d. The party pleading the estoppel must have been ignorant of the fact; 4th. The representation must have been made with the intention that it should be acted upon; 5th. The party pleading it must have been misled thereby to his injury in some substantial particular; and tested by these principles the facts here do not constitute an estoppel.[1]

*Duress—When Not Necessary to Show.*

In an action to recover a tax paid under protest, brought under the provisions of Sec. 180 of the Revenue Act (Sec. 2684 R. S. 1898) it is not necessary for plaintiff to establish a payment under duress.

*Protest—On Payment of Taxes—Reasons for Protest Unnecessary.*

Where, as in this case, an officer is bound to take notice of his want of authority to assess, levy or collect a certain tax, and

---

[1] *Trust Co.* v. *Wagener*, 12 Utah, 11.

such tax is paid under protest, a statement in the protest that the demand is illegal, would be useless and is not required of the party making such protest.

*Undisputed Facts—Instruction to Find Verdict.*

Where the facts are undisputed an instruction to the jury to find for the plaintiff in the amount shown is proper.

(Decided November 22, 1900.)

Appeal from the Fifth District Court Juab County. Hon. W. M. McCarty, *Judge.*

Action by plaintiff to recover a certain sum of money paid to defendant county under protest and claimed to have been an illegal tax. From a judgment for plaintiff defendant appealed. *Affirmed.*

*Messrs. Powers, Straup & Lippman, Thomas Marioneaux, Esq.,* and *Edward Pike, Esq.,* for appellant.

If one voluntarily lists for taxation corporate stocks which are not taxable, and they are taxed accordingly, he cannot complain, as it is his own fault. *Rep. Life Ins. Co.* v. *Pollock,* 75 Ill. 292.

So where a part was taxable, and a part not taxable by law, and the taxpayer protested that the tax was not lawful, he was held to be estopped by his list. *Am. Exp. Co.* v. *St. Joseph,* 66 Mo. 675 (27 Am. Rep. 382); *Gage* v. *Burlingame,* 74 Mich. 120; *Peop.* v. *R. R.,* 49 Cal. 414; *Lake Co.* v. *Mining Co.,* 68 Cal. 14; *Hubbard* v. *Windsom,* 15 Mich. 146; *Crismon* v. *Salt Lake Co.,* 2 Utah, 111; 25 Am. & Eng. Enc. Law, 451; *Ives* v. *North Cannaan,* 33 Conn. 402; *Town of Kissimmee* v. *Drought,* 26 Fla. 1 (23 Am. St. Rep. 546); *Leonard* v. *Madison Co.,* 64 Iowa, 418; *Pingree* v. *Berkshire Co.,* 102 Mass. 76; *People* v. *Atkinson,* 103 Ill. 45.

Where the Assessor and Board of Equalization have made an honest assessment of property courts will not disturb their judgment, even though such assessment is erroneous. *Danforth* v. *Livingston*, (Mont.) 59 Pacific Rep. 916, Pamphlet No. 12.

When provision is made for such an application to a Board of Equalization or Review for the correction of errors in an assessment, such remedy is a condition precedent to an action to prevent the collection of taxes or to compel the refunding of the same. *Dundee Mortgage Investment Co.* v. *Charleton*, 32 Fed. 192; *Small* v. *Lawrencebough*, 128 Ind. 231; *Johnson Co.* v. *Search Light Cattle Co.*, 3 Wyo. 777; *Caledonia* v. *Rose*, 94 Mich. 216; *Railroad* v. *Harrison Co.*, 74 Iowa, 283; *Smith* v. *Marshalltown* (Iowa), 53 N. W. 286; *Breeze* v. *Hailey*, 10 Colo. 5; *Swenson* v. *McLaren*, 21 S. W. 300; *People* v. *Duguid*, 68 Hun. 243; *Borrman* v. *Juneau*, 76 Wis. 55; *Phœnix Grain & Exchange* v. *Gleason*, 121 Ill. 502–524; *Baldwin* v. *Elizabeth*, 42 N. J. Eq. 11; *Hall* v. *Snedeker*, 42 N. J. L. 76; *Ramp* v. *Marion Co.* (Oregon), 33 Pac. 681.

The complaint failed to allege and the evidence failed to show that the claim sued on was presented to the board of county commissioners within one year from the time the claim accrued. Session Laws '96, p. 534, Secs. 34, 35, p. 535, Secs. 36 and 37.

Under such statute it was held it includes a claim for the repayment of taxes paid under protest, and that its presentation to the board was a condition precedent to the commencement of an action against the county. *Powder River Cattle Co.* v. *Custer Co.*, 22 Pac. 383; *Richardson Co.* v. *Hull*, 39 N. W. 608.

On rehearing the same conclusion was reached. 45 N. W. 53; *Mead* v. *City of Lansing*, 56 Mich., 601; *Gray*

v. *Palmer*, 9 Cal., 636; 5 Am. Eng. Ency. Law, 526 (1st ed.); *Prigg* v. *Penn*, 16 Peters, 615.

The term "claim" as used in the Utah Statute, covers liquidated claims and demands as well as unliquidated ones; and according to some authorities, includes a claim arising *ex delicto* as well as one arising *ex contractu*. *Hoexter* v. *Judson County Treasurer* (Wash.), 59 Pac. 498; Pamphlet No. 6.

The failure to allege and prove the presentation of respondent's claim to the Board of Commissioners within one year from the time the claim accrued, is fatal to respondent's recovery. *Fenton* v. *Salt Lake Co.*, 3 Utah, 433; *Yavapai* v. *O'Neil*, 29 Pac. 430; *Rhode & Wilson* v. *Alamedo Co.*; 52 Cal. 350.

"Wherever a protest is essential it is therefore necessary to state the grounds upon which the party paying the money claims that the demand is illegal." *Meek* v. *McClure*, 49 Cal., 628; *Fremery* v. *Austin Tax Col.*, 53 Cal. 380.

"It is clear that merely paying a tax under protest does not make the payment involuntary." *Raleigh* v. *Salt Lake City*, — Utah, — 53 Pac. 974; *Lamborn* v. *Dickinson Co.*, Comsr., 97 U. S. 181; 24 L. ed. 927; *Bucknell* v. *Story*, 46 Cal. 598-9.

*Messrs. Bennett, Harkness, Howat, Sutherland & Van Cott*, for respondent.

So far as the statute authorizes the taxation of the net proceeds of mines, preceding the date of its passage, it has been held to be invalid by this court. *Mercur Gold Mining Co.* v. *Spry*, 16 Utah, 222.

In Cooley on Taxation, p. 360, it is said: "Handing in a list, which, by mistake of the lister's rights, is made to embrace property not liable to taxation, will not estop him

from claiming an abatement as to such exempt property; there being no reason of justice or public policy why it should." *Charlestown* v. *County Commissioners*, 109 Mass. 270; *Louisville* v. *Anderson*, 79 Ky. 334; S. C. 42 Am. Rep. 220; *Northrop* v. *Graves*, 19 Conn. 548.

"No reduction must be made in the valuation of property unless the party affected thereby, or his agent, makes and files with the board a written application therefor, verified by his oath, or shall appear before the county board of equalization and show facts upon which it is claimed such reduction should be made."

It is insisted that respondent should have followed the requirements of the Session Laws of 1896, page 444, Sec. 72. If we were claiming a reduction in the valuation of property in this case, the appellant's contention would be correct, and the authorities cited would be applicable; but to cases of void assessments it clearly has no application whatever. 25 A. & E. Ency. Law, 243-4, and authorities cited; *Dickey* v. *County of Polk*, 58 Ia. 287; *Pueblo Co.* v. *Wilson*, 15 Colo. 90.

The respondent was not required to present any claim to the Board of County Commissioners. The action is brought under a special statute which does not require that the claim shall be restricted.

The remedy pursued in this case is statutory and the statute must be followed. When this is done it is not necessary to go further; no additional statutory restrictions are to be sought. If any restriction with reference to claims generally had been intended as a restriction upon the statutory right to recover taxes, it would have been included in this section, or reference made to it. The rule of statutory construction is familiar and well settled. Endlich on Inter. of Stats. Sec. 154; *Western Ranchers* v. *Custer Co.*, 89 Fed. Rep. 577.

The rule of statutory construction that the enumeration of one thing in a statute is an exclusion of all others has been repeatedly applied by this court as well as others. *Irrigation Co* v. *Canal Co.*, 14 Utah, 155; *Pettit* v. *Duke*, 10 Utah, 313.

Under the provisions of Sec. 180, page 466 of the Session Laws of 1896, and under the circumstances of this case, a general protest at the time of paying the tax is sufficient. The only object of the protest provided by the statute is to give notice that the taxpayer challenges the right of the officer to collect the tax. In addition to this the assessor and the county are bound to know that the law was invalid and a protest pointing out the invalidity was unnecessary. *Adams* v. *Supervisors*, 154 N. Y., 619, 626; *Railroad Co.* v. *Commissioners*, 98 U. S. 541, 543; *Western Ranchers* v. *Custer Co.*, 89 Fed. Rep. 578.

BASKIN, J.

The complaint, in substance, alleges that on the 19th day of November, 1896, the defendant by its duly qualified treasurer and collector collected from the plaintiff $11,304.80, as and for a tax levied and assessed on and respecting the net proceeds of plaintiff's mine, from May 31st, 1895, to and including May 31, 1896; that said levy, assessment and collection of said tax on the net proceeds of plaintiff's mine from May 31st, 1895, to and including April 4th, 1896, was wholly without authority of law; that the net proceeds of plaintiff's mine for the period first mentioned was $443,370.51, and for the period from May 31st to and including April 4th, 1896, was $338,024.66; that the collection of the tax thereon amounting to $8,619.63 was illegal, and was paid by plaintiff under

22 Utah—26.

.protest and to prevent a seizure and sale of its property, and that said collector paid the same to defendant prior to June 1st, 1898; that plaintiff at divers times demanded of the defendant payment of the sum so illegally collected, but that the defendant refused and still refuses to pay said sum, or any part thereof. Plaintiff prayed judgment for that sum. The defendant interposed a demurrer to the complaint, the grounds of which, as stated therein, are as follows: "That the said complaint does not state facts sufficient to constitute a cause of action against the said defendant. That it appears upon the face of the said complaint that said cause of action is barred by sections 531, 533, 2380 and 2881 of the Revised Statutes of Utah, 1898, and by sections 34 and 37 of Chapter 131 of the Session Laws of Utah of 1896, and by sections 196, 199 and 3147 and 3148 of the Compiled Laws of Utah of 1888."

The overruling of this demurrer is assigned as error.

Art. 13, Sec. 4 of the Constitution provides that "The net annual proceeds of all mines and mining claims, shall be taxed as provided by law." The Constitution went into effect on January 4, 1896. Previous to that time, and until the Revenue Act of 1896 (Sess. Laws 1896, p. 423, Sec. 3), went into effect on the 5th day of April of that year, the net annual proceeds of mines were not taxable. *Mercur Gold M. & M. Co.* v. *Spry*, 16 Utah, 222.

The net proceeds of plaintiff's mine from May 31st, 1895, up to and including April 4th, 1896, was not therefore, subject to taxation, and the assessment and collection of the taxes paid by plaintiff thereon was unlawful. To redress such wrongs the special provisions of the following sections of the session laws of 1896, p. 466, which are the same as Secs. 2684, 2685 of the Revised Statutes, were enacted to wit:

"Sec. 180. That in all cases of levy of taxes, licenses or other demands for public revenue which is deemed unlawful by the party whose property is thus taxed, or from whom such tax or license is demanded or enforced, such property may pay under protest such tax or license, or any part thereof deemed unlawful, to the officers designated and authorized by law to collect the same; and thereupon the party so paying or his legal representative may bring an action in any court of competent jurisdiction against the officer to whom said tax or license was paid or against the county or municipality on whose behalf the same was collected, to recover said tax or license or any portion thereof paid under protest.

"Sec. 181. In case it be determined in such action that said tax or license, or any portion thereof so paid under protest was unlawfully collected, judgment for recovery thereof and lawful interest thereon, together with costs of action, shall be entered in favor of the plaintiff, and upon being presented with a duly authenticated copy of such judgment, the proper officer or officers of the county or municipality whose officers collected or received such tax shall audit and allow such judgment, and cause a warrant to be drawn on the treasury of that county or municipality for the amount recovered by said judgment in favor of the legal holder thereof; which warrant shall be paid in preference to warrants of any other class drawn on such treasury."

The complaint specifically states the portion of the levy of taxes which was unlawful; that the duly qualified treasurer and collector of the defendant demanded and received the illegal tax and that the plaintiff paid the same under protest. These facts constitute a cause of action under the provisions of Sec. 180 of said Revenue Act. Under the provisions of said section at the moment the plaintiff

paid the unlawful tax, under protest, he thereupon acquired a right to institute suit against the defendant and was not required, as claimed by defendant's counsel, to first present a claim to the county court, or take any other steps as a condition precedent to bringing his action. *Western Ranchers* v. *Custer Co.*, 88 Fed. 577.

Plaintiff's cause of action was not barred by any of the sections mentioned in the demurrer.

None of these sections are applicable to the special remedy in this case. Some of them relate, only, to actions against an officer in his official capacity as collector, and the others relate, only, to claims which the statute requires shall be presented to the board of county commissioners.

When a party pays an unlawful tax under protest, a cause of action, under the provisions of Sec. 180, at once accrues in favor of such party to recover such tax, and the statute of limitations begins to run from the date of such payment. Sec. 2883 Rev. Stat., which was in force at the date of the payment of the tax in this case, reads as follows: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." There is no other provision of the statute of limitations which applies to the case at bar.

The demurrer was properly overruled.

After the demurrer was overruled the defendant filed an answer in which it alleged that it had not sufficient information or belief to enable it to answer the allegation of the complaint, "that the net proceeds of plaintiff's mine from May 31st, 1895, to and including April 4th, 1896, were 338,024.66," and therefore and upon that ground denied the same.

The answer also denied that the levy or assessment or

collection of the taxes on plaintiff's mine for the period just mentioned was wholly or at all without authority of law, or that the collection thereof was wrongful or unlawful, or that the plaintiff paid said tax or any tax under protest.

The answer further alleged that plaintiff failed to make any application to the County Board of Equalization of Juab county, for any statement or reduction of valuation of property (Sec. 2576 Rev. Stat.) and that the plaintiff did not within one year from the time that he paid said tax present to the board of county commissioners of said county of Juab, the claim set forth in the complaint, or any claim or demand. (See Sec. 531 Rev. Stat.)

No application to reduce the assessment was made to the board of equalization. On or about the 1st day of May, 1898, the plaintiff presented a claim for said illegal tax to the county commissioners of Juab county, and on the 8th day of July of that year said commissioners rejected the claim.

At the close of plaintiff's testimony the defendant moved for a non-suit, which was denied. The overruling of the motion for a non-suit is assigned as error. The first and second grounds of the motion were as follows:

"1. That the evidence does not show that the plaintiff made or filed with the board of county commissioners a written application, verified by oath, as required by the statute, or appeared before the county board of equalization and showed or attempted to show any facts upon which it made any claim for the reduction of its taxes or the valuation of its property.

"2. For the reason that it is not shown by the evidence that the claim sued on was presented to the board of county commissioners within one year from the time the claim accrued."

The questions thus presented were raised by the demurrer and have already been passed upon. ·

Secs. 62, 63, and 65 of the Revenue Act, (sess. laws, 1896, p. 442), are as follows:

"Every person, corporation or association engaged in mining upon a quartz vein or lode, or placer mining claim, containing any gold, silver, copper, coal, lead or other valuable mineral deposits, must, between the first and tenth days of June in each year, make out a statement of the gross yield of the above named metals or minerals from each mine owned or worked by such person, corporation or association during the year preceding the first day of June, and the value thereof. Such statement must be verified by the oath of such person, or by the superintendent or managing agent of such corporation or association, who must deliver the same to the assessor of the county in which the mine or mines are situated.

The statement mentioned in the preceding section must contain a true and correct account of the actual expenditures of money and labor in and about extracting the ore or mineral from the mine and transporting the same to the mill or reduction works, and the reduction of the ore and the conversion of the same into money, or its equivalent, during the year.

The state board of equalization must prepare and furnish for use in each county in the State where mines are located, at the same time the general assessment books are prepared and furnished another assessment book called "The Assessment Book of the Net Proceeds of Mines," in which must be listed the net proceeds of all the mines in his county, and in which must be specified, in separate columns, and under the appropriate head:

1. The name and owner of the mine.
2. Description and location of the mine.

3. Number of tons extracted during the year.

4. Gross yield or value in dollars and cents.

5. Actual cost of extracting the same from the mines.

6. Actual cost of transportation to place of reduction or sale.

7. Actual cost of reduction or sale.

8. Cost of construction and repair of mines and reduction works during the year.

9. Net proceeds, or value, in dollars.

10. Total amount of tax."

Sec. 67 of said act (p. 443 Sess. Laws, 1896) provides that any "person, corporation or association refusing, upon demand, to furnish such statement shall be subject to the penalty provided in subdivision 2 of Sec. 18 of said act (p. 431 supra), which is: "For each and every refusal and as often as the same is rejected shall forfeit to the state the sum of $100, to be recovered by action brought in the name of the assessor in any justice's court."

The assessor previous to June, 1896, sent to the plaintiff a printed statement, the heading of which was as follows:

### "Statement.

"To be made out by owners of mines to the County Assessor, on or before the 10th day of June, 1896, of the 'Net Proceeds of Mines,' taxable in Juab county, belonging to, in the possession of, or under the control of

"Owner: Centennial Eureka Mining Company. Residence and post office address, Salt Lake City."

Following this heading Secs. 62, 63 and 64 of said Revenue Act were set out. Following these sections were the ten headings named in Sec. 65, and opposite to each a blank space was left to be filled out. At the bottom of this document was the following blank affidavit:

"STATE OF UTAH, ⎱ ss.
"County of Salt Lake, ⎰

"I, _____, do solemnly swear that my residence and postoffice address is _____, and the above is a full and complete statement of the gross and net proceeds from gold, silver, copper, coal, lead or other valuable minerals extracted from the _____ Mine, and of the cost of transportation, reduction or sale, and of the construction and repair of mines and reduction works for the year ending June 1st, situate in Juab county, of which I am the owner, superintendent, manager or agent."

Under the provisions of Secs. 18, 66 and 67 of said Revenue Act, the assessor was authorized to demand that the plaintiff should make out and return to the assessor the verified statement required by Sec. 62 of said act. This he did by sending to the plaintiff the foregoing blank statement. In obedience to this demand the plaintiff by W. W. Chisholm, its secretary and treasurer, properly filled the blanks in said statement and affidavit, and after subscribing and making oath to the same returned it to the assessor. The annual net proceeds of plaintiff's mine for the year ending June 1st, 1896, was returned in said statement, and the amount of the same for that period was stated to be $443,370.51.

It is admitted that on this statement, the duly qualified treasurer and collector of the defendant demanded and received from the plaintiff the sum of $11,304.80, as and for a tax levied and assessed against plaintiff on and in respect to the net proceeds of its mine in said county of Juab from June 1, 1895, to June 1, 1896.

The plaintiff introduced evidence, against which no rebutting testimony was introduced by defendant, showing that the net proceeds of plaintiff's mine during the period from May 31, 1895, to and including April 4, 1896, was 338,024.66.

Appellant's counsel contend that the plaintiff is estopped by the statement so returned by it from claiming a repayment of the illegal tax. This contention is untenable:

1. Because by the terms of the blank statement which plaintiff filled up and Secs. 62 and 63 of the Revenue Act set out therein, the plaintiff was required to make out and deliver to the assessor the verified statement delivered by it to the assessor. These requirements were unauthorized by law. In view of the provisions of Secs. 180, 181, 182 and 183 of the Revenue Act, which were passed for the purpose of providing a special proceeding in the courts for the recovery of illegal taxes paid under protest, the plaintiff, upon no principle of estoppel or justice is estopped by yielding to the unwarranted demands made upon it by the assessor and the letter of the Revenue Act. To maintain his action the plaintiff was only required to make the showing required by Sec. 181 of the Revenue Act, from which the following is quoted. "In case it be determined in such action that said tax or license, or any part thereof so paid under protest was unlawfully collected, judgment for the recovery thereof, and lawful interest thereon, together with costs of action, shall be entered in favor of plaintiff. The assessment and levy of the tax in question was unauthorized by law, and therefore the collection thereof was illegal. Cooley on Taxation, 429 Note 3; *Mercur Gold M. & M. Co.* v. *Spry*, 16 Utah, 222.

2. Because the elements, necessary to constitute an estoppel *in pais*, are lacking in the case at bar.

It is correctly stated in Herman on Estoppel, Sec. 1304, that: "A party who claims that another, seeking to enforce his rights, shall not be permitted to allege and show the truth must establish that he has been induced, by his faith in or reliance upon the assertions or acts of such party to the contrary, to do some act, or incur some

liability, which would make it injurious to, or a fraud upon him to allow the truth to be shown."

In *Trust Co.* v. *Wagener*, 12 Utah, 11, the court held that in order to create an estoppel *in pais* it is necessary that the party estopped should have "First, falsely represented or concealed a material fact; second, the false representation or concealment must have been knowingly made; third, the party pleading the estoppel must have been ignorant of the fact; fourth, the representation must have been made with the intention that it should be acted upon; fifth, the party pleading it must have been misled thereby to his injury in some substantial particular."

Tested by the foregoing requirements the facts in the case at bar do not constitute an estoppel.

The plaintiff was not guilty of a deception, made no misstatements and perpetrated no fraud, but simply did what was required by the assessor. As the assessor, collector and treasurer are conclusively presumed to know the extent of their authority, the statement could not mislead them because by its terms they were advised of the facts which rendered the levy of the tax on the net proceed's of plaintiff's mine for the year ending June 1, 1896, unlawful. The defendant was not, and could not be injured by the statement, because the taxpayer's remedy, under the provisions of the Revenue Act is confined to a recovery, only, of such portion of the tax as is illegal.

Appellant also contends that the plaintiff, as the evidence fails to show that the tax was paid under duress, was not entitled to recover, and quotes many authorities upon that point. At common law, duress is an essential element in an action for the recovery of an illegal tax, but not so in a special action brought under the Revenue Act, as its language clearly shows. Under Sec. 180 of that act, any one who deems the tax levied on his property

unlawful may, without any demand upon him or attempt to enforce the tax, institute the action provided for. The evident intent of that section is that whenever the legality of a tax levy is deemed unlawful by a taxpayer, he may, at once, without waiting for any other step to be taken by the collector, apply to the judiciary for a settlement of the question.

Appellant also contends that the evidence fails to show that the plaintiff, in its protest, stated therein, the grounds of the same, and that therefore the protest was not such as the Revenue Act requires.

It appears from the testimony that the plaintiff remitted by letter to the assessor and collector $11,305.55, the amount of the tax levied, on the statement returned to plaintiff. The assessor and collector, in substance, testified that this letter was not in his possession; that he had searched for it but could not find the same, and supposed that it had been burned; that he could not remember its exact language, but that it stated that of the amount remitted $7,046.81 was paid under protest, and that he noted on the assessment roll or book that that sum was paid under protest. A receipt was returned to the plaintiff for that amount signed by the assessor and collector's deputy in which it was also stated that that sum was paid under protest. The evidence failed to show that the letter stated the grounds of the protest, and on this state of the evidence this objection of the appellant is based.

Sec. 180 of the Revenue Act, does not, as is done in other sections of the same act relating to protests in other instances, require the grounds of the protest to be stated, for the evident reason that whenever an unlawful assessment, levy and collection of a tax is made, the officers acting in the matter are conclusively presumed to know that fact; therefore, in this case, the assessor and collector

was bound to take notice that he had no authority to assess, levy or collect a tax on the net proceeds of plaintiff's mine for the year ending June 1, 1896, and that the tax so assessed, levied and collected was unlawful.

If, as in this case, the collector has notice of the matter which renders the demand illegal a statement in the protest that it is illegal would be useless. Where such is the case the protest need not state the ground. *Smith* v. *Farrelly*, 52 Cal. 77; *Mason* v. *Johnson*, 51 Cal. 612:

The jury was instructed to return a verdict in favor of the plaintiff for the sum of $7,046.81, with interest from the date of its payment. The jury returned a verdict in accordance with the instruction, and a judgment was entered thereon for said sum, with interest. Said instruction was excepted to, and is assigned as error. The facts hereinbefore stated were not controverted. Under them, as a matter of law, the plaintiff was entitled to the judgment rendered, and therefore the instruction was properly given.

As $7,046.81 of the whole tax levy was the only sum paid by plaintiff under protest he waived all objections to the validity of the assessment above that amount. The evidence shows that after deducting the sum so protested from the whole amount paid by plaintiff there remained in the hands of the defendant several hundred dollars more than a legal levy would have amounted to, had a valid, instead of a void assessment, been required by the assessor and returned by the plaintiff.

It is ordered that the judgment be affirmed, and that the appellant pay the costs.

BARTCH, C. J. and MINER, J. concur.