SPERRY & HUTCHINSON CO. v. MATTSON et al.

No. 4094.   Decided July 2, 1924.   Rehearing denied September 8, 1924.  (228 Pac. 755.)

1. TAXATION—ACTION TO RECOVER UNLAWFUL TAX OF SECRETARY OF STATE HELD BARRED BY SIX-MONTH STATUTE OF LIMITATIONS.  Action under Comp. Laws 1917, § 6094, to recover of secretary of state and his sureties a tax collected by him pursuant to sections 6160-6174, subsequently held unconstitutional, *held* barred by section 6471, subd. 2, when not brought within the six-month limitation therein prescribed.[1]

---

[1] *State* v. *Holtgreve,* 58 Utah, 563, 200 Pac. 894, 26 A. L. R. 696; *Centennial Eureka Mining Co.* v. *Juab County,* 22 Utah, 395, 62 Pac. 1024; *Raleigh* v. *Salt Lake City,* 17 Utah, 130, 53 Pac. 974.

See 37 Cyc. p. 1186.

2. TAXATION—RIGHT OF ACTION TO RECOVER UNLAWFUL TAX AC-
CRUES AT TIME OF PAYMENT. Right of action to recover tax col-
lected under unconstitutional statute accrues as of time of
payment and not as of time when statute is subsequently held
unconstitutional.

Appeal from District Court, Third District, Salt Lake
County; *G. A. Iverson*, Judge.

Action by the Sperry & Hutchinson Company against
David Mattson and others. Judgments for defendants, and
plaintiff appeals.

AFFIRMED.

*Mathonihah Thomas*, of Long Beach, Cal., *Frank T. Wol-
cott*, of New York City, and *Straup & Nibley*, of Salt Lake
City, for appellant.

..*Harvey H. Cluff*, Atty. Gen., and *Ray & Rawlins*, of Salt
Lake City, for respondents.

THURMAN, J.

This is an action upon the official bond of defendant
David Mattson, as secretary of state for the state of Utah,
between the 1st day of January, 1916, and the 1st day of
January, 1917, to recover the sum of $20,382, collected by
him from plaintiff during said period. The other defendants
are sureties for the secretary of state, and the bond sued
upon is made part of the complaint.

It is alleged by plaintiff that the money was collected by
the defendant Mattson in pursuance of Comp. Laws Utah
1917, title 110, chapters 1 and 2, for and on account of trad-
ing stamps sold and delivered by plaintiff to divers firms
and corporations in Utah during the period last mentioned.
It is alleged in the complaint that the payment of the tax was
involuntary and made under protest, and that the aforesaid
statute under which the payment was demanded by said de-
fendant was unconstitutional and void.

The defendants demurred to the complaint, both generally and specially, alleging as special grounds: (1) That the complaint is ambiguous, uncertain and unintelligible, in that it cannot be ascertained therefrom whether the defendant secretary of state collected the tax in his official, or in his personal, capacity; and, furthermore, that it does not appear whether the said defendant still retains in his possession the fund so collected; (2) that the alleged cause of action is barred by the provisions of Comp. Laws of Utah 1917, §§ 6094, 6471, 6474. Thereupon plaintiff, by leave of court, amended its complaint by alleging that said defendant during his said term of office paid the sum so collected by him to the treasurer of the state.

The trial court sustained the demurrer and dismissed the action. From the judgment of dismissal plaintiff appeals.

The statutes relied on by defendants in bar read as follows:

6094. "In all cases of levy of taxes, licenses, or other demands for public revenue which is deemed unlawful by the party whose property is thus taxed, or from whom such tax or license is demanded or enforced, such party may pay under protest such tax or license, or any part thereof deemed unlawful, to the officers designated and authorized by law to collect the same; and thereupon the party so paying or his legal representative may bring an action in any court of competent jurisdiction against the officer to whom said tax or license was paid, or against the county or municipality on whose behalf the same was collected, to recover said tax or license or any portion thereof paid under protest."

6471. "Within six months, an action against an officer, or officers de facto:

"1. To recover any goods, wares, merchandise, or other property seized by any such officer in his official capacity, as tax collector, or to recover the price or value of any goods, wares, merchandise, or other personal property so seized, or for damages for the seizure, detention, sale of, or injury to, any goods, wares merchandise, or other personal property seized, or for damages done to any person or property in making any such seizure;

"2. For money paid to any such officer under protest, or seized by such officer in his official capacity, as a collector of taxes, and which, it is claimed, ought to be refunded."

6474. "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

There is no doubt that the law under which the defendant secretary of state collected the tax was unconstitutional. It was so held by this court in *State* v. *Holtgreve,* 58 Utah, 563, 200 Pac. 894, 26 A. L. R. 696. The only question, therefore, is whether the defendants can escape liability under any of the defenses raised by their demurrer. These defenses, as stated in their brief, are as follows: (1) The statutes of limitation to which we have referred; (2) the fact that the money collected by the defendant had passed into the hands of the state treasurer before the action was commenced; (3) the law being unconstitutional and void, the collection of the money from the plaintiff by the secretary of state would not have been done under color of, or by virtue of, his office. The last defense, however, was interposed for the sureties only.

In answer to the plea in bar, the position of plaintiff is that the action was brought under the authority of section 6094, supra, and, as that section does not fix the time within which the action should be commenced, the general statute, 6474, supra, applies, in which case the plaintiff had four years within which to commence the action. In support of this contention plaintiff relies on *Centennial Eureka Mining Co.* v. *Juab County,* 22 Utah, 395, 62 Pac. 1024. That was a case in which the action was against the county that received the money from the officer making the collection and not against the officer personally, or in his official capacity. There being no statute fixing the period of limitation, the court held that the four-year statute applied. In that case, as in the case at bar, several statutes of limitation were pleaded by defendant, including section 6471, supra, and the question thereby raised was disposed of by the court at page 404 (62 Pac. 1026) of the report as follows:

"None of these sections are applicable to the special remedy in this case. Some of them relate, only, to actions against an officer in his official capacity as collector, and the others relate, only, to claims which the statute requires shall be presented to the board of county commissioners."

By this comment of the court it is manifest that it had in mind the distinction between an action against an officer

who had collected money unlawfully and one against a municipal corporation, such as a county, city, or town which had received the money thus illegally collected.

As will be seen by reference to the statutes above quoted, section 6471 enumerates cases in which the action is against an officer in certain cases, and in which the time is limited to six months. The last subdivision of said section reads:

"For money paid to any such officer under protest, or seized by such officer in his official capacity, as a collector of taxes, and which, it is claimed, ought to be refunded."

We are of opinion the language quoted clearly applies to the instant case.

Plaintiff claims that the tax was unlawful, and that its collection by defendant was illegal. It also claims that it paid the tax under protest, or under such circumstances as amounted to a protest, and was therefore entitled to the relief provided for in section 6094, supra.

It by no means follows that, because section 6094 provides the taxpayer a remedy for an unlawful collection of taxes against an officer or municipal corporation, therefore the officer and the corporation are placed in the same category as to the time within which the action should be commenced. The respective situations are materially different; hence the necessity for a different statute of limitations. In the case of the collecting officer he is ordinarily required to turn the money he collects into the proper public treasury within a comparatively short time. In the case of a municipal corporation it is supposed to have the money on hand and be able to respond at any time. In the case of the officer, where the taxpayer claims he paid the money under protest, we see no reason why the action may not be commenced within six months as provided by the statute. The *Centennial Eureka* Case, supra, holds that the cause of action is complete when the taxpayer pays the illegal tax under protest, and the statute begins to run immediately.

We dismiss without comment the contention of plaintiff that the cause of action did not begin to run until the statute was declared unconstitutional in the *Holtgreve* Case in September, 1921. Plaintiff says it did not know the

statute was unconstitutional until it was declared to
be so in the *Holtgreve* Case. Why then did it pay the tax
under protest? The contention on its face has the appear-
ance of being sham and disingenuous. In any event, the
time in which to commence the action began to run when
the money was paid to the officer.

In addition to the *Centennial Eureka* Case, see also,
*Raleigh* v. *Salt Lake City*, 17 Utah, 130, 53 Pac. 974. In
that case the plaintiff sued to recover the amount of a sprink-
ling tax paid under protest. The ordinance under which the
tax was collected had been declared void by a previous de-
cision of this court. The principal question was whether the
action was commenced in time. The city contended that the
action was barred by the six-month statute, subdivision 2,
above quoted. Plaintiff contended that that statute did not
apply in an action against the city. This court in passing
upon the question on appeal, after quoting the statute, at
page 133 of the report (53 Pac. 974), said:

"This action was not brought against the officer collecting the
taxes. Had it been so brought, that statute, if pleaded, would have
been a bar to recovery."

Further on in the same opinion, on the same page, the
court says:

"The plaintiff had a choice of remedies. He could sue the
officer, who illegally collected the money, or could sue the city,
who illegally received it. Having waived his right against the
officer, and electing to hold the city, the six-month statute does
not apply."

Plaintiff endeavors to evade the effect of the language
quoted by contending that it is merely dictum and in no
sense authoritative. The trial court had sustained the con-
tention of the city that the six-month statute applied, and
entered judgment for the city. This was assigned as error,
and became the crux of the controversy in the Supreme
Court. We regard the case as authoritative and decisive
of the question here. The statute itself, which is plain and
unambiguous, is good authority in this jurisdiction.

But as far as this case is concerned we do not see how
plaintiff's contention can prevail, even if the four-year stat-

ute were applied to the facts. The plaintiff paid the tax in 1916. The action was not commenced until February 27, 1922. Further comment is unnecessary, unless we adopt the contention of plaintiff that its time did not begin to run until the *Holtgreve* Case was decided in September, 1921. The proposition is so utterly untenable as to be undeserving of extended comment.

Having reached the foregoing conclusion, it is unnecessary to prolong the discussion. What is said applies with equal force to all of the defendants.

*Ryus* v. *Gruble,* 31 Kan. 767, 3 Pac. 518, was a suit on a sheriff's bond. The statute of limitations was pleaded. In the course of its opinion, on page 520, the court said:

"Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing, must necessarily cease to exist. When the principal debt or cause of action fails, the security must also fail; and, as we have stated before, a sheriff's bond is simply a security, collateral to the main cause of action"— citing many cases.

See, also, *Allen* v. *State,* 6 Kan. App. 915, 51 Pac. 572, 573.

Many other authorities could be cited, but it does not appear that plaintiff controverts the rule announced in the cases referred to.

In view of the conclusions reached, it would be assuming an unnecessary burden to consider the other defenses relied on by defendants. It will be time enough to review these questions when it becomes necessary to determine them.

Judgment affirmed, at appellant's costs.

WEBER, C. J.., and GIDEON, CHERRY, and FRICK, JJ., concur.